
# IN THE SUPREME COURT OF GUAM

## ROBERT S. UNPINGCO,
Plaintiff-Appellant,

**v.**

## ANTOLIN DERRY,
Defendant-Appellee.

Supreme Court Case No.: CVA19-016
Superior Court Case No.: CV1189-18

## OPINION

## Cite as: 2021 Guam 1

Appeal from the Superior Court of Guam
Argued and submitted on March 9, 2020
Hagåtña, Guam

Appearing for Plaintiff-Appellant:
James M. Maher, *Esq.*
Law Office of James M. Maher
DNA Bldg.
238 Archbishop Flores St., Ste. 300
Hagåtña, GU 96910

Appearing for Defendant-Appellee:
Louie J. Yanza, *Esq.*
Law Office of Louie J. Yanza, P.C.
One Agana Bay
446 E. Marine Corps Dr., Ste. 202
Hagåtña, GU 96910

**E-Received**
1/22/2021 4:11:01 PM

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; KATHERINE A. MARAMAN, Associate Justice.

**TORRES, J.:**

[1]     This appeal arises from a trespass action between neighbors over an encroaching fence and wall built by Defendant-Appellee Antolin Derry on Plaintiff-Appellant Robert S. Unpingco's Torrens registered property.  As established in the proceedings below, Derry completed construction of the encroaching structures in 1994.  Unpingco learned of the encroachment in 2017.  In 2018, the Department of Public Works issued a notice of violation to Derry regarding the encroachment.  Unpingco sued for an injunction and damages.  Unpingco moved for partial summary judgment as no material facts were in dispute; Derry then cross-moved for summary judgment, arguing the claim was time-barred by the three-year statute of limitations for trespass. The trial court denied Unpingco's motion for partial summary judgment and granted Derry's cross-motion for summary judgment, finding the trespass to be time-barred.  Unpingco appeals, arguing the trial court misinterpreted the nature of the trespass and the applicability of the statute of limitations in 7 GCA § 11305(b).  We reverse the summary judgment and hold that Unpingco may maintain his suit for injunctive relief.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[2]     Unpingco came into possession of his property, identified as Lot 1072-2-A-2 in Barrigada, Guam, as a properly registered landowner in 1978 under Guam's Land Title Registration System. He moved away from the property in 1980.  He received the property via a Deed of Gift from his parents and holds a certificate of title from the Guam Department of Land Management that does not list any estates, liens, charges, or encumbrances on the land described in the certificate of title. The land was first registered on February 1, 1929, and the certificate of title identifies Robert S. Unpingco as the certified owner of the property.

**[3]**     Two years after obtaining the certificate of title in 1978, Unpingco left the property and did not return to the property until 2016.  In 1994, Derry, an adjacent landowner, built a wall and fence encroaching on Unpingco's property.  The encroaching structures were completed in November 1994.  The encroachment covers approximately 33 square feet of Unpingco's property.

**[4]**     A neighbor informed Unpingco of the encroachment in 2017, over 22 years after the erection of the wall.  Unpingco then sent a letter to Derry informing him of the encroachment and asking Derry to take down the portions of the wall encroaching onto the property.  Subsequently, in 2018, the Department of Public Works issued a "Notice of Violation" to Derry regarding the encroachment.

**[5]**     On December 5, 2018, Unpingco filed suit against Derry before the Superior Court, alleging trespass and seeking injunctive relief—specifically, removal of the encroachment and damages.  This action was commenced on December 5, 2018, over 24 years after the completion of the wall.

**[6]**     Unpingco moved for partial summary judgment, alleging there were no material facts in dispute regarding the encroachment on his property as neither Unpingco nor Derry contested the encroachment's existence on Unpingco's property.  Derry, however, cross-moved for summary judgment, asserting the suit was time-barred under 7 GCA § 11305(b), which sets a three-year statute of limitations on actions for trespass upon real property.

**[7]**     The trial court denied Unpingco's motion and granted Derry's cross-motion for summary judgement, finding that no genuine issues of material fact remained regarding the statute of limitations.  In doing so, the trial court held that Unpingco failed to bring a timely action under 7 GCA § 11305(b), and thus the three-year statute of limitations had run for Unpingco to bring an action for permanent trespass on his property.  The trial court entered a final judgment, which Unpingco timely appealed.

## II.  JURISDICTION

**[8]**    This court has jurisdiction over appeals from a final judgment of the Superior Court.  48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 116-259 (2020)); 7 GCA §§ 3107(b), 3108(a) (2005).

## III.  STANDARD OF REVIEW

**[9]**    "We review a trial court's decision granting a motion for summary judgment *de novo*." *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 13 (citing *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 8).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Guam R. Civ. P. 56(c).

## IV.  ANALYSIS

**[10]**    Though multiple issues are raised on appeal, we limit our review to whether the trial court improperly granted summary judgment to Derry on the basis that Unpingco's complaint is barred by the three-year statute of limitations set forth in 7 GCA § 11305(b).  Unpingco argues the trial court mistakenly relied on California case law when assessing the applicability of the statute of limitations for trespass actions.  Appellant's Br. at 12-13 (Dec. 13, 2019).  Unpingco argues 7 GCA § 11305(b) does not apply to trespass actions on real property registered under the Land Title Registration Act.  *Id.*  We agree.

**[11]**    Guam's Land Title Registration Act uses a form of registration known as the Torrens system, a system for registering real property titles by "the use of certificates which conclusively show the state of the title at all times."  *Pelowski v. Taitano*, 2000 Guam 34 ¶ 30 (quoting *Pioneer Abstract & Title Guar. Co. v. Feraud*, 267 P. 134, 137 (Cal. Dist. Ct. App. 1928)); *see also* 21 GCA § 29101 *et seq.* (2005).  The system's creator, Sir Robert Torrens, made the system to

simplify transfers of real estate and to render titles safe and indefeasible. *See Pioneer Abstract*, 267 P. at 137.

**[12]** To initially register land under Guam's Torrens system, one must petition the Superior Court of Guam. 21 GCA § 29105. After notice and hearing to determine the owner of the property, 21 GCA § 29115, the owner may order registration of their title by filing a court-issued decree pursuant to 21 GCA § 29116. Upon the first proper registration of the parcel of land, the title "is final and conclusive as against 'the rights of all persons, known and unknown, to assert any estate, interest, claim, lien, or demand of any kind or nature whatsoever, against the land so ordered registered or any part thereof, except only as in [the Registration Law] provides.'" *Pelowski*, 2000 Guam 34 ¶ 30 (alteration in original) (quoting 21 GCA § 29117 (1994)). Proper registration should function to make the title indefeasible. *See Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 60.

**[13]** Generally, "[e]very registered owner of land which is brought under the Torrens system holds the land free from any and all adverse claims, rights and encumbrances not noted on the certificate of title[.]" 14 Michael Allen Wolf, *Powell on Real Property* § 83.03[8] (2020) (LexisNexis Matthew Bender). This indefeasibility and simplicity is fundamental to the Torrens system. *Id*.; *see also Lujan v. Quinata*, 2016 Guam 39 ¶ 11 (explaining Guam's Land Registration System is intended to ensure titles are safe and indefeasible). Once the initial registering landowner completes the first registration process, one cannot "assert any interest or right in or lien or demand upon the same, or make entry thereon adversely to the title of interest" after one year, 21 GCA § 29146 (2005); 7 GCA § 11204 (2005),[1] unless the initial instrument was forged

---

[1] Title 7 GCA § 11204, titled "Limitation of Actions Relating to Registered Land," states:

> No person shall commence any action at law or in equity for the recovery of land, or assert any interest in or right in or lien or demand upon the same, or make entry thereon adversely to the title of interest certified in the certificate of title bringing the land under the operation of the Land Title Registration Act after one (1) year following the first registration . . . .

7 GCA § 11204; *see also* 21 GCA § 29146.

or "executed by a person under legal disability," 21 GCA § 29139 (2005). One cannot, for example, adversely possess Torrens registered land. *See* 21 GCA § 29136 (2005); 7 GCA § 11204; *Burkhart v. Miranda*, 2013 Guam 2 ¶ 18 ("The law is well established that one cannot adversely possess registered land."); *see also Peters v. Archambault*, 278 N.E. 2d 729, 731 (Mass. 1972) (recognizing encroachment would defeat purpose of land registration act because registered land is protected more than other land from unrecorded and unregistered liens, prescriptive rights, encumbrances, and other burdens); *Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.*, 58 P.3d 608, 633 n.2 (Haw. 2002) (Ramil, J., concurring) (recognizing express easement over registered land requires compliance with land registration statute which is premised on preserving integrity of titles).

[14] The Torrens land registration system "ensure[s] [the real property's] marketability, to protect the transferee of a registered title, and to simplify conveyancing by allowing prospective purchasers to rely on the certificate of title as reflecting all interests in the land." 66 Am. Jur. 2d *Registration of Land Titles* § 1 (2020) (footnotes omitted); *see also Pelowski*, 2000 Guam 34 ¶ 30; *Calvo Fin. Corp.*, 2008 Guam 12 ¶ 60. The system is intended to create "an absolute presumption that the register of titles speaks the last word about the title to land, eliminating all 'secret liens and hidden equities,' and making the language in the register of titles absolute proof of indefeasible title excepting only those encumbrances and claims noted therein." *Kincaid v. Yount*, 459 N.E.2d 235, 238 (Ohio Ct. App. 1983); *see also* 7 GCA § 11204; 21 GCA § 29137 (2005). As a result of this indefeasibility and reliance on the register of titles, "no unregistered estate, interest, power, right, claim, contract or trust' may prevail against the title of a registered owner taking bona fide for valuable consideration or any person bona fide claiming under him." *Pelowski*, 2000 Guam 34 ¶ 33 (quoting 21 GCA § 29140 (1994)). The indefeasible title free from all rights or claims not

registered provides assurance to those that may deal with the property that the only rights or claims they need to take notice of are those registered.

[15]     As a result of this indefeasibility, a landowner may bring an ejectment action on Torrens-registered property regardless of a statute of limitations. *See, e.g.*, *Burkhart*, 2013 Guam 2 ¶ 18 (holding that landowner may bring ejectment action in part because 7 GCA § 11205, the statute of limitations to recover real property, does not apply to Torrens-registered land); *Hebert v. City of Fifty Lakes*, No. A13-0311, 2014 WL 103327, at *4 (Minn. Ct. App. Jan. 13, 2014). Even the obviousness of an encroachment is not enough to overcome the rights of a registered landowner. *See Kincaid*, 459 N.E.2d at 239-40.

[16]     Some jurisdictions have held Torrens-registered land may be defeasible in a very narrow, limited number of circumstances. For example, Massachusetts provides restitution for claims against registration decrees made in bad faith or procured by fraud. *See, e.g.*, *Tetrault v. Bruscoe*, 497 N.E.2d 275, 278 n.6 (Mass. 1986); *Keller v. O'Brien*, 683 N.E.2d 1026, 1030 (Mass. 1997); *State St. Bank & Tr. Co. v. Beale*, 227 N.E.2d 924, 927 (Mass. 1967). Minnesota courts allow the doctrine of laches as an equitable defense to an ejection action. *See Hebert*, 2014 WL 103327, at *4; *cf. Burkhalter v. Mays*, 877 N.W.2d 788, 793-94 (Minn. Ct. App. 2016) (holding a party must prove actual, not merely constructive, knowledge to prevail on claim of interest not memorialized on certificate of title).

[17]     Minnesota has established an exception for "boundary by practical location" through which adjoining landowners may change their boundary line, even for Torrens-registered land, through acquiescence, agreement, or estoppel. *See In re Wells Fargo Bank, N.A.*, No. A15-1557, 2016 WL 3582593 (Minn. Ct. App. July 5, 2016); *see also Romanchuk v. Plotkin*, 9 N.W.2d 421, 427 (Minn. 1943). To achieve a change in boundary lines by acquiescence or agreement, the owner of the property being claimed must do something beyond mere passive conduct. *Britney v. Swan Lake*

*Cabin Corp.*, 795 N.W.2d 867, 872 (Minn. Ct. App. 2011). There must be some active conduct from which one could reasonably infer the landowner's assent to a change in the boundary line. *Id.*

[18] These circumstances are not present here—and Derry's encroachment would not defease Unpingco of title, were these tests to apply.

[19] Derry argues the protections against title defeasance in Guam's Land Title Registration Act is irrelevant to assessing this claim as there is no attempt by Derry to claim or defease Unpingco's land title. Appellee's Br. at 15-16 (Jan. 13, 2020). Even if Derry, however, is not claiming title to a portion of Unpingco's property, his encroachment is an unauthorized intrusion and encumbrance upon the property. As we have held, no one may claim "any estate, interest, claim, lien, or demand of any kind or nature whatsoever, against the land so ordered registered or any part thereof." *Pelowski*, 2000 Guam 34 ¶ 30 (quoting 21 GCA § 29117). Even if Derry's encroachment is found unintentional or negligent, Unpingco holds title free from all encumbrances except those noted on his certificate of title. At present, there are no encumbrances on Unpingco's certificate of title. Unpingco, under our Land Title Registration Act, is entitled to maintain only the encumbrances currently listed on his certificate of title, i.e., a property free of encumbrances. The present record discloses no circumstances that would justify denying Unpingco equitable relief to compel removal of the encroachment.

[20] Since lands registered under the Land Title Registration Act are indefeasible, absent potential aforementioned exceptions, the three-year statute of limitations for trespass actions set forth in 7 GCA § 11305(b) is inapplicable to trespass actions on Torrens-registered land. We hold that the trial court erred in granting summary judgment as Unpingco's complaint of trespass is not time-barred. Unpingco may proceed with his complaint for injunctive relief and damages against Derry.

**[21]** Unpingco also argues his complaint is not time-barred as there are genuine issues of material fact needing resolution by a fact-finder, in particular: whether the excess water drainage from Derry's property created an ongoing trespass; whether the discovery rule tolled Unpingco's claims; and whether there was evidence of fraud. Appellant's Br. at 5-8; Appellant's Reply Br. at 5-7 (Jan. 24, 2020). "As a general appellate principle, a court will not address issues unnecessary to the resolution of the case before it." *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 33. Since we determine this case on other grounds and remand to the trial court for further proceedings, we need not reach the merits of those issues.

## V. CONCLUSION

**[22]** We **REVERSE** the grant of summary judgment and **REMAND** to the trial court for further proceedings not inconsistent with this opinion.

| /s/ | /s/ |
|---|---|
| ROBERT J. TORRES | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |

/s/
F. PHILIP CARBULLIDO
Chief Justice