

**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

## IN THE MATTER OF THE APPLICATION OF CERTIFICATE OF TITLE NO. 134390, Lot No. 3417-1-3NEW-R1, Sinajana, Guam; and CERTIFICATE OF TITLE NO. 134391, Lot No. 3417-1-4, Sinajana, Guam.

Supreme Court Case No.: CVA19-021
Superior Court Case No.: SP0162-17

## OPINION

## Cite as: 2021 Guam 19

Appeal from the Superior Court of Guam
Argued and submitted on February 5, 2021
Via Zoom video conference

Appearing for Real Party in Interest-Appellant
Genedine Perez Quitugua:
Curtis C. Van de veld, *Esq.*
The Vandeveld Law Offices, P.C.
123 Hernan Cortes Ave.
Hagåtña, GU 96910

Appearing for Petitioner-Appellee
Government of Guam:
James L. Canto, II, *Esq.*
Deputy Attorney General
Office of the Attorney General
Litigation Division
590 S. Marine Corps Dr., Ste. 901
Tamuning, GU 96913



**E-Received**
12/9/2021 5:27:26 PM

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, J.:**

[1]     This appeal arises from Petitioner-Appellee Government of Guam's ("Government") petition to correct two certificates of title under 21 GCA § 29195. The petition sought to correct two certificates of title which list Real Party in Interest-Appellant Genedine Perez Quitugua ("Genedine") as the sole owner of two parcels of land in Sinajana, Guam. The Government requested that each certificate of title be corrected to reflect that each lot was held by a respective pair of tenants in common. The Government summoned Genedine to participate in a hearing on the petition. Genedine moved to dismiss, alleging the trial court lacked subject matter jurisdiction over the proceeding by failing to join certain parties, alleging the Office of the Attorney General was not an appropriate party to bring a petition under 21 GCA § 29195, and alleging various defects with the petition itself. The Government, in reply, filed a countermotion for summary judgment, arguing that Genedine had an opportunity to conduct discovery and failed to produce significant evidence that created a dispute of material fact as to why the correction to the certificate should not be made and that the Government was entitled to judgment as a matter of law. The trial court denied Genedine's motion to dismiss and granted the Government's countermotion for summary judgment. Genedine appeals, arguing that the trial court lacked subject matter jurisdiction over the matter below and that the grant of summary judgment was inappropriate because the trial court considered improper evidence from the Government.

[2]     We affirm the trial court's grant of the Government's countermotion for summary judgment and the order granting the relief as requested by the petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[3]      Under 21 GCA § 29195, the Government, through the Office of the Attorney General, petitioned to correct two certificates of title ("Petition").  The Petition sought to correct Certificate of Title No. 134390 for Lot No. 3417-1-3NEW-R1 in Sinajana, Guam, to reflect that Marissa Quitugua Castro ("Marissa") and Genedine own the parcel as tenants in common.[1]  The Petition also sought to correct Certificate of Title No. 134391 for Lot No. 3417-1-4 in Sinajana, Guam, to reflect that the heirs of the estates of Eddie Mendiola Quitugua, Jr. ("Eddie Jr.") and Raymond Perez Quitugua ("Raymond") own Lot No. 3417-1-4 as tenants in common.  Before this action, both certificates of title apparently reflected that Genedine was the sole owner of both lots.[2]

[4]      Juanita Perez Quitugua ("Juanita")—the mother of Genedine, Marissa, Raymond, and Eddie Jr.—owned the two lots in fee simple after inheriting the plots from Eddie Mendiola Quitugua, Sr.  In 2002, Juanita recorded two Deeds of Gift with Reservation of Life Estates with the Department of Land Management (collectively, the "2002 deeds").  The first deed of gift, Instrument No. 666390, transferred ownership of Lot No. 3417-1-3NEW-R1 from Juanita to Marissa and Genedine in fee simple as tenants in common with a reservation of a life estate to Juanita.  The second deed of gift, Instrument No. 666399, transferred ownership of Lot No. 3417-1-4 from Juanita to Eddie Jr. and Raymond in fee simple as tenants in common with a reservation of a life estate to Juanita.  Certificates of title were not issued to any of the co-tenants.[3]

---

[1] Marissa is also known as Marissa Perez Quitugua.  Genedine is also known as Genedine Perez Quitugua.

[2] Neither certificate of title was submitted as evidence in the case, though the Abstract of Title Report for each lot, as attached by the Government to the Petition, reflects that such certificate of title was issued.

[3] Raymond had transferred his interest in Lot No. 3417-1-4 to Ryan Christopher P. Quitugua by deed of gift, Instrument No. 892471.  Genedine refers only generally to Raymond's estate and does not specifically name Ryan in her pleadings as a party who was required to appear.  Appellant's Br. at 9 (Jan. 2, 2020).

**[5]**    Despite these prior transfers, in 2013, Juanita[4] transferred to Genedine all of her right, title, and interest in both Lot Nos. 3417-1-3NEW-R1 and 3417-1-4 through a deed of gift (the "2013 deed").

**[6]**    The Government filed its petition to correct the certificates of title in 2017, and the petition and summons to litigate the petition was served on Genedine. There are no records that any other party was served with the Petition or otherwise summoned to participate in the proceeding. Genedine filed an answer to the Petition and separately filed a motion to dismiss, seeking to dismiss the Petition for lack of subject matter jurisdiction based on the arguments that the Office of the Attorney General was not an appropriate party to bring the Petition and that necessary parties were not summoned. In response, the Government filed a reply and countermotion for summary judgment.

**[7]**    The trial court denied Genedine's motion to dismiss and scheduled a hearing on the Government's countermotion for summary judgment. Genedine produced only her sworn declaration opposing the countermotion for summary judgment. That declaration, as it relates to the issues on appeal, claimed that each of Genedine's siblings had, at some unspecified time, "cancelled" their interest in their respective lot. Record on Appeal ("RA"), tab 19 at 3 (Decl. by Resp't Opp'n to Cross-Mot. Summ. J., June 15, 2018). However, Genedine produced no other evidence supporting her position.[5] The Government formally submitted certified copies of the 2002 deeds. The trial court considered the 2002 deeds and the 2013 deed, alongside Genedine's declaration. The trial court granted the Government's countermotion for summary judgment,

---

[4] Juanita is also known as Juanita Perez Calvo, and this is the name under which she made the described transfer to Genedine.

[5] The trial court allowed for multiple continuances to allow Genedine to conduct discovery. The trial court also provided the parties with additional time to submit any supplemental briefs of the issue of the Government's countermotion for summary judgment, which it noted that no supplemental briefs were filed.

finding that Genedine did not produce sufficient evidence to raise a question of material fact and that the Government was entitled to the relief requested under 21 GCA § 29195 as a matter of law under 21 GCA § 4205.[6]  The trial court entered a final judgment granting the Government's Petition and ordered the Department of Land Management to correct the certificates of title as requested by the Government.  Genedine timely appeals.

## II.  JURISDICTION

**[8]**    This court has jurisdiction over an appeal from a final judgment.  48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-57 (2021)); 7 GCA §§ 3107, 3108(a) (2005).

## III.  STANDARD OF REVIEW

**[9]**    We review issues of subject matter jurisdiction *de novo*.  *Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 9 (citing *Perez v. GHURA*, 2000 Guam 33 ¶ 9).

**[10]**    We review questions regarding statutory interpretation *de novo*.  *Apana v. Rosario*, 2000 Guam 7 ¶ 9 (per curiam) (citing *Dep't of Agric. v. One (1) Remington 12-Gauge Shotgun*, 1998 Guam 16 ¶ 3).

**[11]**    We review for an abuse of discretion the trial court's decision to dismiss under Guam Rule of Civil Procedure ("GRCP") 19.  *Benavente v. Taitano*, 2006 Guam 15 ¶ 10 (citing *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1410-11 (10th Cir. 1996)).

**[12]**    We review a grant of summary judgment *de novo*.  *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[6] Title 21 GCA § 4205 (2005) provides, "A grant made by the owner of an estate for life or for years, purporting to convey a greater estate than he could lawfully transfer, does not work a forfeiture of his estate, but passes to the grantee all the estate which the grantor could lawfully transfer."

any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c).

## IV. ANALYSIS

[13]    On appeal, Genedine asserts that: (1) the trial court lacked subject matter jurisdiction to hear the matter under 21 GCA § 29195 as it did not comply with that statute in various ways; (2) the trial court lacked subject matter jurisdiction when it failed to join the estates of Raymond and Eddie Jr. under GRCP 19; and (3) the trial court erred in granting the Government's motion for summary judgment because the Government did not produce admissible evidence.

### A. The Trial Court Had Subject Matter Jurisdiction Over the Petition to Correct the Certificates Under 21 GCA § 29195

[14]    Genedine advances several arguments alleging that the trial court and the Government did not comply with certain requirements under 21 GCA § 29195 and these failures deprived the trial court of subject matter jurisdiction. Appellant's Br. at 3, 6-7, 9 (Jan. 2, 2020). While we acknowledge certain shortcomings in both the trial court's actions and the Government's Petition, we disagree that the trial court's failure to comply with these requirements deprived it of subject matter jurisdiction.

#### 1. The Office of the Attorney General, on behalf of the Government of Guam and the Department of Land Management, may bring a petition to correct a certificate of title under 21 GCA § 29195

[15]    Genedine argues that the Government of Guam, as the petitioner referenced in the Petition, is not an appropriate party under 21 GCA § 29195. Appellant's Br. at 6. Genedine argues that the Attorney General, representing the Government of Guam, was not an appropriate party to bring the petition under 21 GCA § 29195, and the trial court did not have subject matter jurisdiction to entertain the Petition. *Id.* at 6-7. We disagree. The Attorney General may represent the

Government of Guam on behalf of its instrumentality, the Department of Land Management, when bringing a petition under 21 GCA § 29195.

[16]    Title 21 GCA § 29195 states that "[a] registered owner or other person in interest *or the registrar*, may at any time apply by petition to the court" to correct a certificate of title. 21 GCA § 29195 (2005) (emphasis added). The Director of Land Management is the "ex officio registrar of titles" as referred to in the Land Title Registration Law. 21 GCA § 29102 (2005). The Attorney General shall conduct all civil actions on behalf of the government of Guam in which the government is an interested party, including the Department of Land Management. *See* 5 GCA § 30109(c) (as amended by Pub. L. 31-153:2 (Nov. 21, 2011)). And the Attorney General has cognizance of all legal matters involving the Executive Branch of the government of Guam, including its agencies and instrumentalities. 5 GCA § 30102 (2005).

[17]    Genedine argues that the Petition "fails to identify" a "Registrar within the specifically limited and permitted class of persons authorized by [21 GCA § 29195] to bring such an action." Appellant's Br. at 6. Genedine points out that the Petition states, "Petitioner is the Government of Guam," and the Government of Guam is not listed as an eligible party in 21 GCA § 29195. *Id.*

[18]    The Government of Guam is an appropriate party as its instrumentality, the Department of Land Management, is the appointed "registrar" within the meaning of 21 GCA § 29195. The Office of the Attorney General may represent the Department of Land Management under 5 GCA § 30109 and file the Petition on its behalf. Though the Government should have used greater care in identifying the parties and describing their relationship in the Petition, the Government of Guam,

through its instrumentality the Department of Land Management, is the "registrar" under 21 GCA § 29195 and thus an appropriate party to bring the Petition.[7]

### 2. Failure to comply with the elements of 21 GCA § 29195 did not deprive the trial court of subject matter jurisdiction

[19]     Genedine next asserts that the Government's Petition was defective and the trial court failed to summon parties required under 21 GCA § 29195, and these alleged errors deprived the trial court of subject matter jurisdiction. Appellant's Br. at 6-7. We disagree. Title 21 GCA § 29195 contains no jurisdictional restrictions, and any failure to comply with the requirements under that statute would not deprive the trial court of subject matter jurisdiction.

[20]     Title 21 GCA § 29105 expressly provides that the Superior Court of Guam has jurisdiction over all actions under Guam's Land Title Registration Law.[8] Specifically, 21 GCA § 29195 provides that the Superior Court may entertain petitions to correct a certificate of title and issue an order to the registrar to modify or cancel certificates of title. *See* 21 GCA § 29195. Statutes may contain restrictions that must be met before a court may exercise its jurisdiction. This court has held that "if [a] statute was meant to have jurisdictional restrictions, it would have been written in such a way so as to indicate that intent." *Castino v. G.C. Corp.*, 2010 Guam 3 ¶ 17. In *Castino v. G.C. Corp.*, we held that the Guam Legislature did not specifically refer to any element as a jurisdictional requirement in the Guam mechanics' lien statute, and so it expressed no intent to make any element jurisdictional. *Id.* ¶¶ 18-19.

---

[7] If the Government of Guam had been more conscientious and simply identified the registrar as the Petitioner, Genedine likely would have not moved to dismiss on the grounds that the petition was defective for failing to identify the registrar. The court would have also avoided using judicial resources to address this argument.

[8] Under Guam's Land Title Registration Law:

> All land may be brought under the operation of this Law by the owner or owners of any estate or interest therein, whether legal or equitable (other than an individual share or an easement) by filing with the clerk of the court his or her or their verified petition to the Superior Court of Guam . . . .

21 GCA § 29105 (2005).

**[21]**    Title 21 GCA § 29195 states:

> A registered owner or other person in interest or the registrar, may at any time apply by petition to the court, upon the ground that registered interests of any description, . . . or that new interests have arisen or been created which do not appear upon the certificates or that any certificate or memorial has been made, entered, endorsed, issued or cancelled by mistake, . . . or upon any other reasonable ground, for an order summoning all persons registered as interested in the lands to which such certificate or memorial relates, to appear at an appointed time and place and produce their duplicate certificates and show cause why such omission or mistake or change or alteration should not be corrected or made. The registrar shall, upon receiving notice of such petition, enter a memorial of such application under the certificate of title affected.

21 GCA § 29195. Section 29195 contains no express jurisdictional elements. *Compare* 21 GCA § 29195, *with* Haw. Rev. Stat. § 501-196 (2000) ("The court shall have jurisdiction to hear and determine the petition after notice to all parties in interest . . . .").

**[22]**    Genedine argues that the Petition failed to state an "explanation of the basis or means how the error asserted in the Petition had occurred" and that this was a jurisdictional requirement. Appellant's Br. at 10.[9] Genedine also argues that the summoning of the estates of Eddie Jr. and Raymond was a jurisdictional requirement. *Id.* at 6-7, 9.

**[23]**    The Superior Court generally has subject matter jurisdiction over petitions to correct certificates of title under the Land Registration Law. *See* 21 GCA § 29195. Title 21 GCA § 29195 does not expressly make compliance with any element a jurisdictional requirement for the trial court to entertain a petition to correct a certificate of title. *See id.* The trial court would not have been deprived of subject matter jurisdiction if it was determined the errors Genedine alleged did

---

[9] The Petition alleges that certificates of title contained errors in that they did not reflect ownership of the lots as tenants in common, but as sole ownership under Genedine. It is not clear if Genedine is arguing the Petition must have contained the reasons for how or why the error occurred, and she does not elaborate on this argument. Title 21 GCA § 29195 does not have an express requirement that error be expressed. We cannot speculate as to what errors Genedine finds in the Petition. Nevertheless, failure to meet the requirements of 21 GCA § 29195 does not affect the Superior Court's jurisdiction.

occur. The Petition provided sufficient notice of what errors were in the certificates of title. Therefore, Genedine's arguments fail.

## B. The Trial Court Did Not Abuse Its Discretion by Failing to Join the Estates of Eddie Jr. and Raymond Under GRCP 19

[24]    Genedine argues that the estates of Eddie Jr. and Raymond were necessary parties under 21 GCA § 29195, and failure to join them under GRCP 19 deprived the trial court of subject matter jurisdiction. Appellant's Br. at 9. We disagree. Under the narrow circumstances presented, Genedine, as the sole person registered on the certificates of title, was the only necessary party required to be joined under GRCP 19.

### 1. Relevant parties to be summoned under 21 GCA § 29195

[25]    Both Genedine and the Government present different interpretations as to who must be summoned under 21 GCA § 29195 and whether the trial court could hear testimony relating to the petition and grant judgment if those parties are not summoned as required.

[26]    When one files a petition under 21 GCA § 29195, the Superior Court must issue an order "summoning all persons registered as interested in the lands to which such certificate or memorial relates." 21 GCA § 29195. Section 29195 further states:

> If such persons, or any of them, fail to appear or do not consent, the court may proceed to hear testimony and if it appears to the satisfaction of the court that the relief as petitioned for should be granted, it shall order and direct the registrar to make such corrections or modifications on such certificates or memorials as may be necessary.

*Id.* Genedine argues this section requires "all persons interested in the real property to be affected to be noticed to appear before the court and to contest their respective interests." Appellant's Br. at 7. Genedine claims that the trial court failed to summon all persons required by statute for the action to proceed. *Id.* at 3-4. Specifically, Genedine argues that the estates of Eddie Jr. and Raymond should have been joined as they were identified as having an interest in the property as

tenants in common. *Id.* at 9. The Government argues there is some ambiguity in who must be summoned under 21 GCA § 29195 and that the Government substantially complied with the intent of the statute by summoning only Genedine. Appellee's Br. at 19 (Feb. 3, 2020). The Government argues that Genedine was the only person with a registered interest as reflected in the certificates of title, and, because of this, Eddie Jr.'s and Raymond's estates had "no interest which would be placed in jeopardy" if the certificates of title were corrected as requested in the Petition. *Id.* at 20.

[27] We do not adopt or endorse either interpretation in this decision. To resolve the issues on appeal, it is unnecessary to define all necessary parties who may be summoned under 21 GCA § 29195 in all instances.[10] Based on the unique facts, we find that Genedine, as the sole owner on both certificates of title, was a necessary party required to be summoned under 21 GCA § 29195 as a person "registered as interested in the lands to which such certificate or memorial relates."

### 2. The estates of Eddie Jr. and Raymond were not necessary parties under GRCP 19(a)

[28] Genedine argues that the Superior Court was required to join the estates of Eddie Jr. and Raymond under GRCP 19.[11] Appellant's Br. at 2, 9. The trial court found that the "failure to join the purported tenants-in-common in these proceedings does not deprive the Court of jurisdiction because they are not indispensable parties." RA, tab 20 at 3-4 (Dec. & Order, Sept. 12, 2018). The trial court determined that it may proceed without the estates of Eddie Jr. and Raymond even if they were indispensable parties "as failure to join purportedly indispensable parties is not a jurisdictional defect." *Id.* at 4 (citing *Sablan v. Guam Land Use Comm'n*, 2011 Guam 29 ¶¶ 11-

---

[10] We do not decide today whether the requirement in 21 GCA § 29195 of "an order summoning all persons registered as interested in the lands to which such certificate or memorial relates" requires the summoning of persons whose interests in the land would be affected by the petition, even if these persons are not listed on the certificate to be corrected or changed.

[11] In Genedine's summary of the argument, she alleges that the trial court erred by denying her motion to dismiss which argued that the estates of Eddie Jr. and Raymond were indispensable. Appellant's Br. at 2. However, she fails to elaborate how or why the estates of Eddie Jr. and Raymond meet the requirements of Rule 19(a) and (b).

12).  We review the trial court's GRCP 19(a) and (b) determinations for abuse of discretion. *Benavente*, 2006 Guam 15 ¶ 56 (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118 n.14 (1968)).

### a. Under GRCP 19(a)(1), complete relief could be granted in the absence of the estates of Eddie Jr. and Raymond

[29]    Rule 19(a) states:

> (a) Persons to be Joined if Feasible.  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if
>
> > (1) in the person's absence complete relief cannot be accorded among those already parties, or
> >
> > (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> >
> > > (i) as a practical matter impair or impede the person's ability to protect that interest or
> > >
> > > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.
>
> If the person has not been so joined, the court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

Guam R. Civ. P. 19(a).

[30]    "An absentee's presence is required under [GRCP 19] subsection (a)(1) when 'complete relief cannot be accorded among those already parties.'" *Benavente*, 2006 Guam 15 ¶ 59 (quoting Guam R. Civ. P. 19(a)(1)).  "Under the express terms of the rule, the focus is on the relief between the parties to the present action, and not on the possibility of further litigation between a party and the absentee." *Id.* (citing *Morgan Guar. Tr. Co. of N.Y. v. Martin*, 466 F.2d 593, 598 (7th Cir. 1972) (per curiam)).  Under 21 GCA § 29195, if persons registered as interested in the lands to

which the certificate of title relates are summoned but do not appear or consent, then "the court may proceed to hear testimony and if it appears to the satisfaction of the court that the relief as petitioned for should be granted, it shall order and direct the registrar to make such corrections or modifications on such certificates or memorials as may be necessary." 21 GCA § 29195.

[31] Neither Eddie Jr.'s estate nor Raymond's estate were necessary parties required to be joined under GRCP 19(a)(1) because, in their absence, complete relief could still be afforded to the Government and Genedine under 21 GCA § 29195. Under the express terms of section 29195, a trial court could proceed without a person with a registered interest in the land if that person failed to appear or consent to the summons. *See* 21 GCA § 29195. The trial court would not lose jurisdiction over the matter and could hear testimony and grant relief as petitioned. *See id.*

[32] Further, GRCP 19(a)(1) "focuses only on the present parties to the litigation." *Benavente*, 2006 Guam 15 ¶ 60. Here, complete relief could be afforded to the parties litigating the Petition—the Government of Guam, as petitioner, and Genedine, as respondent and real party in interest. The Petition sought to correct certificates of title to Lot Nos. 3417-1-4 and 3417-1-3NEW-R1 to reflect the estates of Eddie Jr. and Raymond as tenants in common of Lot No. 3417-1-4 and to reflect Genedine and Marissa as tenants in common of Lot No. 3417-1-3NEW-R1, correcting the certificates which reflect Genedine as the sole owner of both lots. A key tenet of the Guam Land Title Registration Law is that each certificate of title accurately reflects all interests in the land.[12] Had the certificates been corrected as requested in the Petition, the Government would have ensured that each certificate reflected the accurate ownership interests in the land per the Abstract

---

[12] This court has recognized that the intent of the Torrens System created by the Guam Land Title Registration Law is for the certificates of title to "conclusively show the state of the title at all times." *See Pelowski v. Taitano*, 2000 Guam 34 ¶ 30 (quoting *Pioneer Abstract & Title Guar. Co. v. Feraud*, 267 P. 134, 137 (Cal. Dist. Ct. App. 1928)). Further, this court has acknowledged that the Torrens System is designed to ensure that certificates of title reflect all interest in the land. *See Unpingco v. Derry*, 2021 Guam 1 ¶ 14.

of Title Report produced by the Land Records Division of the Department of Land Management. Had the Petition been denied, Genedine's certificates of title would have gone unchanged. Genedine, as the only registered owner denoted on the certificates of title, was properly summoned to participate under 21 GCA § 29195 to "show cause why such omission or mistake or change or alteration should not be corrected or made." 21 GCA § 29195. Genedine appeared and was provided an opportunity to conduct discovery and litigate the merits of the Petition. Thus, the trial court could "proceed to hear testimony" from the present parties relating to the Petition and produce an order for relief if the court was satisfied that the relief as petitioned for should be granted under 21 GCA § 29195.

[33]   The estates of Eddie Jr. and Raymond were not necessary parties under GRCP 19(a)(1) because the 21 GCA § 29195 did not require their presence at the hearing, and complete relief could be accorded among those already parties, the Government and Genedine.

### b. Under GRCP 19(a)(2)(i), Eddie Jr.'s and Raymond's estates' ability to protect their interests were not impaired or impeded

[34]   Under GRCP 19(a)(2)(i):

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest . . . .

Guam R. Civ. P. 19(a)(2)(i). We have held that the inquiry for GRCP 19(a)(2)(i) is twofold: first, what are the absentee's interests, if any; and second, as a practical matter, will a judgment impair or impede the absentee's ability to protect that interest. *Benavente*, 2006 Guam 15 ¶ 62. The purpose of GRCP 19(a)(2)(i) "is to protect the legitimate interests of absent parties." *Id.* (quoting *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994)).

**[35]**     By Juanita's deed of gift, Eddie Jr. and Raymond each had a legal interest in Lot No. 3417-1-4 as tenants in common, which—only by mistake—was not reflected in the certificates of title issued to Genedine.  The Government advocated to correct the certificate of title to Lot No. 3417-1-4 to reflect the tenancy in common granted to Raymond and Eddie Jr. by Juanita.  The Government's Petition sought to correct the certificates of title to reflect the interests granted by Juanita to her children through the 2002 deeds and any later transfers as reflected in the Abstract of Title Reports attached to the Petition.[13]  Had Eddie Jr.'s estate or Raymond's estate sought to petition themselves under 21 GCA § 29195 to correct the certificates of title, their petition would likely have been substantively identical to that brought by the Government.[14]

**[36]**     Eddie Jr.'s and Raymond's estates were not necessary parties under GRCP 19(a)(2)(i) as the Petition requested the correction of the certificate of title to reflect their legal interest in Lot No. 3417-1-4, and the Government advocated for the grant of the Petition.  The ability of Eddie Jr.'s and Raymond's estates to protect their interests in Lot No. 3417-1-4 were not, as a practical matter, impaired or impeded by their absence.

### c. Under GRCP 19(a)(2)(ii), neither Genedine nor the Government was subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations

**[37]**     "Under Rule 19(a)(2)(ii), the court must assess whether a disposition of the action without the absentees may leave 'any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest' of the

---

[13] This case presents a narrow situation.  The Government's Petition seeks to remedy an apparent mistake in the certificate of title in which the person who holds the certificate of title is present and advocating against the correction of the certificate, and the persons who were not listed on the certificate of title and did not participate in the proceeding would benefit by the Government's Petition.  A petition by the Government to change or cancel a certificate will not always benefit persons who are not parties to the action, and joinder of such persons under GRCP 19(a)(2) may be required.

[14] Certificates of title were not issued to Raymond and Eddie Jr. after the 2002 deeds, but they would be authorized to bring a petition under 21 GCA § 29195 as "other person(s) in interest," if not as "registered owners."

absentee." *Benavente*, 2006 Guam 15 ¶ 74 (emphasis omitted) (quoting Guam R. Civ. P. 19(a)(2)(ii)). Thus, the inquiry under GRCP 19(a)(2)(ii) "is whether joinder is necessary to avoid harm to any of the persons already parties." *Id.*

**[38]** We do not find there is any present party at risk of incurring double, multiple, or inconsistent obligations by the trial court acting without the estates of Eddie Jr. or Raymond beyond what is explicitly permitted under the Land Title Registration Law. We have held that a certificate of title is not conclusive evidence of ownership. *See Pelowski v. Taitano*, 2000 Guam 34 ¶ 29 (holding that certificate of title was not conclusive evidence of ownership to lot on certificate under 21 GCA § 29142, where holder of certificate was not initial registrant or bona fide purchaser). A certificate of title is conclusive evidence only in limited circumstances, none of which apply in the current case. *See, e.g.*, 21 GCA §§ 29141, 29176 (2005). The correction of the certificates of title will neither foreclose Genedine from defending her asserted interest in the lots from claims brought by the estates of Eddie Jr. or Raymond, nor prevent her from proving her ownership claims in a quiet title action under 21 GCA § 25101.[15]

**[39]** Though the trial court did not perform an extensive GRCP 19(a) analysis, the estates of Eddie Jr. and Raymond were not necessary parties to the action.

**C. The Trial Court Did Not Err in Granting the Government's Countermotion for Summary Judgment**

**[40]** The trial court considered the 2002 deeds submitted by the Government supporting their countermotion for summary judgment and determined that the certificates of title to the two lots inaccurately reflected the true ownership interests. The court found that Genedine failed to raise

---

[15] Genedine argued in her brief that had the estates of Eddie Jr. and Raymond been summoned in the proceeding below, she would have asserted a claim of adverse possession. Appellant's Br. at 7. Genedine's arguments are puzzling because 21 GCA § 29136 provides that after land has been registered, title adverse thereto may not be acquired by adverse possession. 21 GCA § 29136 (2005). Making adverse possession arguments in the context of this hearing held under 21 GCA § 29195 is misplaced.

a dispute of material fact as her own declaration—the sole evidence presented by Genedine—made unsubstantiated claims that the prior grantees cancelled their interests and that the Department of Land Management had destroyed documents or records to assist the prior grantees.

[41]     Genedine argues that the trial court erred in granting the Government's motion for summary judgment because nothing else had been presented by any proper evidentiary means, and her declaration was the only evidence. Appellant's Br. at 10. The Government argues that the evidence of the 2002 deeds was properly admitted under Guam Rule of Evidence ("GRE") 902, and the trial court did not err in relying on that evidence. Appellee's Br. at 39. The Government also argues that Genedine failed to raise a genuine issue of material fact to oppose the Government's evidence, as her sole evidence was her own declaration which did not provide sufficient evidence to confront the deeds produced by the Government. *Id.* at 37-38.

[42]     We will first address Genedine's argument about the impropriety of the Government's evidence.

### 1.  The 2002 deeds were properly admitted under GRE 902

[43]     Genedine argues that her declaration was the sole evidence presented to the trial court, and the trial court could not have considered the Government's evidence of the deeds of gift because they were not presented by "any proper evidentiary means." Appellant's Br. at 10. The Government responds that certified copies of the 2002 deeds were filed for the court's consideration and properly admitted under GRE 902—specifically, as certified copies of public records under GRE 902(4) or domestic public documents under seal under GRE 902(1).[16] Appellee's Br. at 39-40.

---

[16] The Petition also contained two exhibits, an Abstract of Title Report for Lot No. 3417-1-3NEW-R1 and an Abstract of Title Report for Lot No. 3417-1-4. Though these abstracts were issued by the Department of Land Management, they were not certified as correct. The Government also submitted an uncertified copy of Instrument

**[44]**      Rule 902 states, in relevant part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> (1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.
>
> . . . .
>
> (4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with the laws of Guam or rule prescribed by the Supreme Court of Guam pursuant to statutory authority.

Guam R. Evid. 902(1), (4).

**[45]**      The 2002 deeds were properly admitted under GRE 902 and could be considered by the trial court for the motion for summary judgment. Instrument No. 666399, which conveyed from Juanita to Raymond and Eddie Jr. a tenancy in common in Lot No. 3417-1-4, was signed and stamped that the deed was "[c]ertified to be a true copy" by Andrew D. Santos of the Department of Land Management, thus certifying the document per the requirements of GRE 902(1) and (4). RA, tab 27 (Submission of Deed of Gift with Reservation of Life Estate, July 17, 2019). Further, the deed of gift was notarized and filed with the Department of Land Management. *See* Guam R. Evid. 902(1), (4). Similarly, Instrument No. 666390, which conveyed from Juanita to Marissa and Genedine a tenancy in common in Lot No. 3417-1-3NEW-R1, was certified as a true copy in the

---

No. 850368 as an exhibit to its Reply and Countermotion. No declarations were provided to verify the authenticity of either the abstracts or Instrument No. 850368.

same way and notarized and filed on the same day as the deed to Raymond and Eddie Jr. Though copies of the deeds attached as Exhibits 1, 2, and 3 to the Government's Reply and Countermotion were not certified under GRE 902(4), the 2002 deeds were properly certified and submitted several months before the judgment was rendered.[17]

[46]     The 2002 deeds—Instrument Nos. 666390 and 666399—were properly admitted and considered by the trial court as evidence on the motion for summary judgment.

### 2. The trial court properly granted the Government's countermotion for summary judgment

[47]     The trial court found there was "only one issue between the parties: whether the lots are owned solely by Genedine in fee simple, or whether Lot 3417-1-4 is owned by Eddie and Raymond as tenants in common and Lot 3417-1-3NEW-R1 is owned by Genedine and Marissa as tenants in common." RA, tab 28 at 4 (Dec. & Order, Sept. 9, 2019). The trial court granted the Government's countermotion for summary judgment after considering the Government's submission of the certified copies of the deeds of gift from Juanita creating the co-tenancies and Genedine's sworn declaration. The trial court found that Genedine's declaration—her sole evidence—did not create a dispute of material fact as to the ownership of the lots, as Genedine produced no evidence that Eddie Jr., Raymond, and Marissa had all cancelled their respective interest in the lots as alleged in the declaration. *Id.* at 6. The trial court also found that the Government was entitled to judgment as a matter of law because Juanita could not transfer a possessory interest in property greater than the interest she possessed at the time of the transfer. *Id.* at 5. The court found, based on the 2002 deeds, that Juanita had a life estate, and she could not transfer a fee simple interest in both lots to

---

[17] While the trial court appears to have considered a third deed, Instrument No. 850368, whereby Juanita transferred to Genedine all of her interest in both lots, this deed was neither certified as a true copy, nor was its authenticity attested to by a sworn declaration. This shortcoming does not prevent the grant of summary judgment, as Genedine appears to acknowledge the transfer in her declaration.

Genedine under 21 GCA § 4205 when she possessed only a life estate interest in each lot. *Id.* at 4-5.

### a. Genedine failed to present sufficient evidence creating a dispute of material fact

[48]     In support of her claim, Genedine submitted a declaration that stated her belief that each of her siblings, Raymond, Eddie Jr., and Marissa, cancelled their interests in the lots because they had "legal problems" which could affect the title to the real property. RA, tab 18 at 3 (Decl. Resp't/Real-Party-in-Interest Genedine Perez Quitugua Opp'n to Cross-Mot. Summ. J., June 15, 2018). Genedine vaguely asserted that employees of the Department of Land Management had destroyed documents or records to assist her siblings. *Id.*

[49]     "In rendering a decision on a motion for summary judgment, the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Island Eye Ctr., Inc. v. Lombard*, 2020 Guam 32 ¶ 32 (quoting *Bank of Guam*, 2004 Guam 25 ¶ 7). "If, however, the movant 'can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations in the [pleadings]' without 'at least some significant probative evidence tending to support the [pleadings].'" *Id.* (alterations in original) (quoting *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 7). "No genuine issue of material fact exists when there is a complete failure of proof concerning an essential element of the non-movant's case." *Id.* (citing *Guam Sanko Transp., Inc. v. Pac. Modair Corp.*, 2012 Guam 2 ¶ 8).

[50]     The record reveals that Genedine did not conduct depositions or submit any other supporting evidence of her claims, despite the trial court granting her multiple continuances to conduct additional discovery.[18] The trial court considered the certified copies of the 2002 deeds—

---

[18] Genedine had sought to depose the Department of Land Management; however, the record is unclear about whether this actually occurred. *See* RA, tab 23 (Notice Dep. by Resp't/Real-Party-in-Interest Genedine Perez Quitugua, Dec. 6, 2018).

Instrument Nos. 666390 and 666399—which demonstrated that Juanita created a tenancy in common in both lots in November 2002. In considering the Petition and the attached abstracts of title, the trial court stated there were no records that either Raymond, Eddie Jr., or Marissa transferred their respective interest to Genedine or otherwise extinguished their interests. RA, tab 28 at 46 (Dec. & Order, Sept. 9, 2019). The Government's submissions showed that Juanita had created a tenancy in common for each lot through the two deeds of gift in 2002. Genedine produced no evidence, other than a vague and self-serving declaration, to support her assertion that her siblings had extinguished their interests in the land.

[51]    Genedine's declaration did not raise a dispute of material fact as to whether the certificates of title were incorrect in stating Genedine was the sole owner of both lots, as Genedine did not produce significant probative evidence to dispute the certified copies of the deeds of gift which had created a tenancy in common in each lot.

### b.  The Government was entitled to judgment as a matter of law

[52]    Under the 2002 deeds of gift, Juanita reserved for herself a life estate in Lot No. 3417-1-3NEW-R1 and Lot No. 3417-1-4. At the time of the 2013 deed, Juanita had only a life estate in each lot. Juanita had gifted her remainder interest in the lots by the 2002 deeds. Thus, the 2013 deed transferred to Genedine only Juanita's reserved life estate in the two lots. Upon Juanita's death, the life estate interest was extinguished. *See* RA, tab 28 at 5 (Dec. & Order, Sept. 9, 2019). After Juanita's death, Genedine no longer had a registered interest in Lot No. 3417-1-4. Thus, the certificate of title for Lot No. 3417-1-4 should state that the heirs of the estate of Eddie Jr. and the heirs of the estate of Raymond own the property as tenants in common. The certificate of title for Lot No. 3417-1-3NEW-R1 should state that Genedine and Marissa own the property as tenants in common.

**[53]**　The trial court properly granted summary judgment for the Government.

## V.  CONCLUSION

**[54]**　The trial court had subject matter jurisdiction over the Petition.  The Office of the Attorney General, acting on behalf of the Department of Land Management, is an appropriate party to bring a petition under 21 GCA § 29195.  Any failure to comply with the elements of 21 GCA § 29195 does not deprive the Superior Court of Guam of subject matter jurisdiction.

**[55]**　The trial court did not abuse its discretion by finding that the estates of Eddie Jr. and Raymond were not required to be joined under GRCP 19.  As these parties were not necessary for the just adjudication of the Petition, the trial court could proceed in their absence.

**[56]**　The trial court properly granted the Government's countermotion for summary judgment. Genedine failed to present sufficient evidence to create a dispute of material fact as to the mistake in the ownership interests reflected in the certificates of title.  Under 21 GCA § 4205, Juanita could transfer only her life estate interests in the two lots by the 2013 deed, and this life estate interest, held by Genedine, was extinguished upon Juanita's death.  Thus, the Government was entitled to summary judgment, and the judgment is **AFFIRMED**.

<table>
<tr><td>/s/</td><td>/s/</td></tr>
<tr><td>ROBERT J. TORRES<br>Associate Justice</td><td>KATHERINE A. MARAMAN<br>Associate Justice</td></tr>
</table>

/s/
F. PHILIP CARBULLIDO
Chief Justice