

**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**KAMLESH K. HEMLANI, individually and derivatively in the name of and on behalf of RADHI PURAN TRUST,**
Plaintiff-Appellant,

**v.**

**MANU & ANITA MELWANI, JETHMAL K. MELWANI, ISHWAR P. HEMLANI, VINOD I. & YOGITA V. HEMLANI, RADHI P. HEMLANI ESTATE, PARAMANAND MELWANI ESTATE, RADHI'S FOUNDATION, RADHI PURAN TRUST, RADHI FAMILY TRUST, PACIFIC RAINBOW, INC., SAFETY 1st SYSTEMS INC., PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P.D. HEMLANI FOUNDATION, LTD., CHITRA HEMLANI, SONA HEMLANI, PADI DARYANANI, and DOES 1-95,**
Defendants-Appellees.

Supreme Court Case No. CVA24-013
Superior Court Case No. CV1527-13

## OPINION

**Cite as: 2025 Guam 12**

Appeal from the Superior Court of Guam
Argued and submitted on May 16, 2025
Hagåtña, Guam

**E-Received**
12/19/2025 4:24:51 PM

Appearing for Plaintiff-Appellant:
Thomas M. Tarpley, Jr., *Esq.*
Thomas McKee Tarpley Law Firm
A Professional Corporation
GCIC Bldg.
414 W. Soledad Ave., Ste. 500
Hagåtña, GU 96910

Appearing for Defendant-Appellee Radhi's
Foundation nka Radhi Puran Foundation:
Louie J. Yanza, *Esq.*
Law Office of Louie J. Yanza, P.C.
862 S. Marine Corps Dr., Ste. 203
Tamuning, GU 96913

Appearing for Defendants-Appellees Vasudev
Hemlani and P.D. Hemlani Foundation, Ltd.:
Rodney J. Jacob, *Esq.*
Calvo Jacob & Pangelinan LLP
259 Martyr St., Ste. 100
Hagåtña, GU 96910

Appearing for Defendants-Appellees
Manu & Anita Melwani *et al.*:
Bill R. Mann, *Esq.*
Berman Law Firm
Bank of Guam Bldg.
111 Chalan Santo Papa, Ste. 503,
Hagåtña, GU 96910

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, C.J.:**

[1]     This appeal is part of a longstanding dispute between the parties over a multimillion-dollar trust (the "Trust," "Radhi Puran Trust," or "RPT") established by P.D. Hemlani ("P.D.") and his wife Radhi Puran Hemlani ("Radhi"). The parties to this appeal have been embroiled in multiple lawsuits, proceedings, and disputes spanning the past two decades.

[2]     The case underlying this appeal began in 2013, when Kamlesh K. Hemlani ("Kamlesh")—P.D. and Radhi's nephew—filed a complaint in the Superior Court alleging multiple causes of action against multiple defendants related to the Trust. This is the third appeal in this case, and the third time Kamlesh has appealed summary judgment entered against him. In *Hemlani v. Melwani*, 2016 Guam 33 ("*Hemlani I*"), this court reversed a grant of summary judgment on standing grounds. Then, in *Hemlani v. Melwani*, 2021 Guam 26 ("*Hemlani II*"),[1] this court again reversed a grant of summary judgment on different standing grounds.

[3]     The parties appearing in this appeal largely remain the same as those in *Hemlani I* and *II*. Kamlesh is the Plaintiff-Appellant. The Defendants-Appellees are Vasudev B. Hemlani ("Vashi") and the P.D. Hemlani Foundation, Ltd. ("PDHF"), represented by Attorney Rodney J. Jacob; Radhi's Foundation nka Radhi Puran Foundation ("the Foundation"),[2] represented by Attorney Louie J. Yanza; and Manu and Anita Melwani (collectively, the "Melwanis")—along with other

---

[1] This was an amended opinion, which superseded *Hemlani v. Melwani*, 2020 Guam 31.

[2] This entity is a non-profit association created in the early 1990s, to be distinguished from the "Radhi Foundation," a Guam not for profit corporation incorporated by Kishore Hemlani (allegedly with the help of Kamlesh) in 2015. The trial court distinguished these entities by referring to the entity created in 2015 as the "Kishore-Created Foundation." Record on Appeal ("RA"), tab 555 at 11 (Dec. & Order, Dec. 4, 2024).

related defendants[3]—represented by Attorney Bill R. Mann. This time on remand, the Superior Court reached the merits of the remaining claims in this long-running dispute. The trial court concluded that Kamlesh was collaterally estopped from disputing that the Foundation is the sole beneficiary of the Trust. The trial court then removed Kamlesh as co-trustee of the Trust, based on his hostility toward the Foundation and his co-trustees, and alleged conflicts of interest. Having made these determinations, the trial court concluded that summary judgment was proper on all of Kamlesh's remaining claims. The trial court entered judgment, and Kamlesh appealed.

[4]     We affirm in part, reverse in part, and remand for further proceedings.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Narrative from Earlier Opinions

[5]     While the parties vigorously dispute each other's factual characterizations, they generally do not contest this court's statements of fact in *Hemlani I* and *II*. This section relies primarily on those opinions.

[6]     P.D. and Radhi, both now deceased, were husband and wife whose accumulated assets were worth millions of dollars. *Hemlani I*, 2016 Guam 33 ¶ 3. Their estate plan centered on the creation of the Radhi Puran Trust, a Guam private trust. *Id.* The Trust was to be overseen by its trustees, which were initially P.D. and Radhi. *Id.*

[7]     Under the Trust instrument (the "Instrument" or "Trust Instrument"), Jack Hemlani ("Jack"), Ishwar Hemlani ("Don"), and Vashi were to be appointed successor co-trustees upon the death of the last surviving initial trustee. *Id.* ¶ 4. If any of the three successor co-trustees died, resigned, was removed, or was incapacitated, the remaining two successor co-trustees were to

---

[3] Ishwar P. Hemlani, Vinod I. Hemlani, Yogita V. Hemlani, Estate of Parmanand K. Melwani, Radhi Hemlani Family Trust, Pacific Rainbow, Inc., Safety 1st Systems, Inc., Pacific American Title Insurance & Escrow Company, Chitra Hemlani, Sona Hemlani, and Padi Kelly Daryanani.

appoint a third successor co-trustee so that there would always be three successor co-trustees. *Id.* A majority of the successor co-trustees was required to bind the Trust for all purposes. *Id.* P.D. and Radhi later amended the Trust to replace Jack with Kamlesh as successor co-trustee. *Hemlani II*, 2021 Guam 26 ¶ 4.

[8] The Trust Instrument also instructed how to divide the assets after either settlor died. *Id.* ¶ 5. Under sections 5.02(A) and (B) of the Trust Instrument, upon the first settlor's death, two sub-trusts would be created—(1) the survivor's trust and (2) the residuary trust. *Id.*; *Hemlani I*, 2016 Guam 33 ¶ 5. The survivor's trust would contain that spouse's separate property and one-half of the community property; the residuary trust would contain the deceased's separate property and one-half of the community property. *Hemlani II*, 2021 Guam 26 ¶ 5. Under section 5.05(B), the Instrument provided: "Upon the death of the Surviving Settlor, the Trustee shall distribute the balance then remaining of the Residuary Trust to the Radhi Foundation, a Guam not for profit corporation."[4] *Hemlani I*, 2016 Guam 33 ¶ 5 (emphases omitted) (quoting Record on Appeal ("RA"), tab 1 (V. Compl., Dec. 17, 2013), Ex. 6 at V-3 (The Radhi Puran Trust, 1997)).

[9] In the last two years of his life, P.D. was hospitalized many times. *Hemlani II*, 2021 Guam 26 ¶ 6. During his final hospitalization on March 10, 2004, P.D. was discharged after Don signed a waiver stating P.D. was released against the medical advice of the doctor and hospital. *Id.*

[10] On March 11, 2004, Radhi, acting for herself and as P.D.'s attorney-in-fact, amended the Trust Instrument a second time. *Id.* The second amendment allowed a settlor to unilaterally change the Trust if the other became incapacitated and changed how property would pass upon a settlor's death. *Id.* The second amendment came with a memorandum naming Don, Jethmal K.

---

[4] The court wrote in a footnote: "The identity of Radhi's Foundation referred to in the RPT Instrument may be in doubt. However, this determination is unnecessary for resolution of the issues on appeal." *Hemlani I*, 2016 Guam 33 ¶ 5 n.2. This distinction is now before the court.

Melwani, and Manu Melwani as successor trustees. *Id.* The memorandum granted the trustees "full power to buy, sell, mortgage, or lease any real or personal property owned by The Radhi Puran Trust" and granted the settlors "the power to alter, amend or revoke the Trust." *Id.* (quoting RA, tab 1 (V. Compl.), Ex. 10 at 1-3 (Mem. Radhi Puran Trust Agreement with Power of Sale, Mar. 11, 2004)).

[11]    P.D. died on March 12, 2004—the day after Radhi amended the Trust for the second time. *Id.* ¶ 7. According to the Trust Instrument, P.D.'s property was placed in the residuary trust, and Radhi's property was placed into the survivor's trust. *Id.* On the same day that P.D. died, Radhi executed a third amendment to the Trust, signing the document as "remaining settlor" and "initial co-trustee." *Id.* (quoting RA, tab 1 (V. Compl.), Ex. 11 at 3 (Third Amend. Radhi Puran Trust, Mar. 12, 2004)). The third amendment changed the Trust Instrument's preamble and replaced Kamlesh and Vashi with Jethmal and Manu as successor co-trustees. *Id.*

[12]    On May 3, 2004, Radhi executed a fourth amendment to the Trust Instrument. *Id.* ¶ 8. The fourth amendment was intended to supersede the original Trust Instrument. *Id.* This amendment named Vashi as a successor co-trustee, eliminated the sub-trusts, and distributed the assets from the deceased settlor's trust to Radhi's surviving settlor's trust. *Id.* It also stated that the changes were to "apply to [P.D.'s] property as if in effect at the time of his death." *Id.* (alteration in original) (quoting RA, tab 1 (V. Compl.), Ex. 12 at 1-2 (Fourth Amend. Radhi Puran Trust Agreement, May 3, 2004)).

## B. Initial Litigation

### 1. Probating P.D.'s estate

[13]    After P.D. died, the parties litigated several issues related to his estate. *Id.* ¶ 9. The probate proceedings administered P.D.'s will, which named Radhi as sole beneficiary. *Id.* (footnote

omitted). In its factual findings, the probate court found: "About the time that P.D. died on March 12, 2004, Petitioner [Radhi] removed Vashi Hemlani, P.D.'s nephew, from his position as a successor trustee to the Radhi Trust. Don has since resigned from his position as successor trustee." *Id.* (alteration in original) (quoting RA, tab 1 (V. Compl.), Ex. 8 at 8 ¶ 31 (Finds. Fact & Concl. L., Aug. 1, 2006)).

### 2. Vashi's Superior Court case (CV0506-09)

[14] After allegations of misconduct regarding the validity of Radhi's amendments and revocation of the Trust, Vashi sued, naming Radhi, Manu, Don, the Foundation, and others as defendants. *Hemlani I*, 2016 Guam 33 ¶ 6; *Hemlani II*, 2021 Guam 26 ¶ 10 ("On March 24, 2009, Vashi filed a complaint in Superior Court Case No. CV0506-09 against Radhi and many of the same parties here, alleging that they improperly amended the trust."). The issue in that case was determining what portion of the Trust assets were Radhi's share in the community property such that she could claim the property as a result of revoking the survivor's trust. *Hemlani I*, 2016 Guam 33 ¶ 6. In July 2011, the parties entered into a Memorandum of Settlement ("MOS"), and the entire action was dismissed with prejudice by Stipulation and Order of the Superior Court. *Id.* The MOS called for the restoration of certain assets to Radhi, the Foundation, or the Trust and for the creation of PDHF "with the same charitable purpose as Radhi's Foundation . . . consistent with the charter it filed in 1991." *Id.* (alteration in original) (quoting RA, tab 1 (V. Compl.), Ex. 26 at 1 (Mem. Settlement, July 27, 2011)). PDHF was to operate as a separate charitable entity and immediately receive assets. *Id.* ¶ 6. Specifically, under the MOS, the Trust transferred assets amounting to millions of dollars to PDHF, including $1.3 million in cash. *Hemlani II*, 2021 Guam 26 ¶ 10. Also, all of P.D.'s probated assets were split in half, with PDHF receiving one half and

the Trust, the Foundation, and Radhi sharing the other half. *Id.* Kamlesh was not a party to the case, nor was he a signatory to the MOS. *Id.* (citing RA, tab 1, Ex. 26 at 1-2 (Mem. Settlement)).

[15]    On November 7, 2011, after the MOS was executed, Kishore Hemlani ("Kishore") filed a petition for guardianship over Radhi. *Hemlani I*, 2016 Guam 33 ¶ 7. The Guardianship Court appointed the Office of the Public Guardian ("OPG") as trustee *ad litem* of the Trust but noted that it was not making a finding regarding Radhi's capacity.[5] *Id.*

### 3. Kamlesh's first Superior Court case (CV0758-12)

[16]    On June 25, 2012, Kamlesh filed a complaint in the Superior Court, alleging that Radhi was incompetent and that he had become a successor co-trustee to the Trust because of Radhi's alleged incompetence.[6] *Id.* ¶ 8. In that matter, the Superior Court found that Radhi had not been found incompetent, and as a result, "she remains the sole trustee of the Radhi Puran Trust; and so she shall remain unless and until one of the conditions provided for in the trust instrument is satisfied." *Id.* (quoting Kamlesh K. Hemlani v. Radhi P. Hemlani, et al., CV0758-12 (Dec. & Order at 5, July 9, 2013)). The court concluded that Kamlesh did not have standing and dismissed his complaint. *Id.* Kamlesh did not appeal this decision. *Id.*

### 4. PDHF's District Court case (CV12-00028)

[17]    Concurrently, related litigation was initiated in federal court while proceedings continued in the Superior Court. On November 21, 2012, PDHF filed a civil RICO[7] action in the District

---

[5] In his reply, Kamlesh claims that the Public Guardian found Radhi to be incapacitated, but that its report was placed under seal to strategically stymie his litigation efforts. *See* Appellant's Reply Br. at 3-4, 14 (Apr. 30, 2025). This claim is unsubstantiated.

[6] PDHF emphasizes this complaint was filed by Attorney Tarpley, who also represented Kishore in seeking a guardianship over Radhi. Appellees Vashi & PDHF's Br. at 33-34 (Apr. 16, 2025). The Public Guardian wrote that "the duplicity demonstrated" in this action "undermines the credibility of Kishore and Kamlesh's motivations." *Id.* at 33. Kamlesh claims this is actually what the defendants did, and this has been addressed in *Hemlani I*, Reply Br. at 2-3, but the only reference to Kishore and the Public Guardian in that opinion are two sentences mentioning the guardianship proceeding in passing, *see Hemlani I*, 2016 Guam 33 ¶ 7.

[7] RICO stands for the Racketeer Influenced and Corrupt Organizations Act. *See* 18 U.S.C.A. § 1964.

Court of Guam, naming many parties here as defendants.[8]  Vashi & PDHF's Req. Jud. Notice (Apr. 16, 2025), Ex. 6 (Dist. Ct. Civ. Case No. 12-00028, Civil Docket).[9]  As the Magistrate Judge explained:

> Eventually this RICO action was filed in this court because PDHF believed that as a result of the Defendants' past and ongoing actions, including their alleged secret and fraudulent transfers of Trust properties and funds, their deposits of Trust assets in off-shore accounts, and their deliberate and willful violation of orders issued by the Superior Court which sought to restrain such unlawful conduct, there was an immediate threat of irreparable harm to the Trust and its beneficiaries. PDHF asserted that "in light of the guardianship proceedings and related circumstances, [the Trust] is unable, unavailable, and/or unsuitable to protect their interests at this moment in time."

RA, tab 495 (Decl. Louie J. Yanza Supp. Reply, Feb. 7, 2022), Ex. B at 5 (R. & R., June 16, 2014) (alteration in original).  The defendants moved to dismiss PDHF's complaint on standing grounds, alleging PDHF had not suffered an injury in fact.  *Id.* at 7.  A major claim of the defendants was that PDHF lacked standing to sue on behalf of the Trust because it was neither a trustee nor a beneficiary.  *Id.* at 7-8.

[18]     The Magistrate Judge issued a report and recommendation that was eventually adopted by the District Court.  The Magistrate determined that because PDHF was "neither the trustee of the Trust nor has it been authorized by the Trust to bring this suit, the question for the court to resolve is whether PDHF is the beneficiary of the Trust."  *Id.* at 9.  The court found:

> Although PDHF asserts it is a beneficiary of the Trust, this mere assertion does not make it so.  In reviewing the language of the Trust, paragraph 5.05(B) states that "[u]pon the death of the Surviving Settlor, the Trustee shall distribute the balance then remaining of the Residuary Trust to the Radhi Foundation, a Guam not for profit corporation."  Thus, the Trust expressly identifies the beneficiary to be the Foundation and not PDHF.

---

[8] The named defendants were: Manu Melwani, Ishwar P. Hemlani, Radhi's Foundation, Pacific American Title Insurance & Escrow Company, Sparkman Agents Limited, PCS Limited, David Burger, Stewart Title Guaranty Company, Parmanand K. Melwani, Jethmal K. Melwani, and Padi Kelly Daryanani.  Vashi & PDHF's Req. Jud. Notice (Apr. 16, 2025), Ex. 6 (Dist. Ct. Civ. Case No. 12-00028, Civil Docket).

[9] We grant the motions for judicial notice filed by the Appellees.  *See RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp., Inc.*, 2023 Guam 8 ¶ 30 (holding it is appropriate to take judicial notice of District Court records).

*Id.* (alteration in original) (citation omitted).  The court concluded that there was no alternative basis on which PDHF could invoke standing to sue instead of the Attorney General of Guam, who alone had the authority to sue to enforce a charitable trust.  *Id.* at 11-13.

[19]    In accepting the report and recommendation of the Magistrate Judge, the District Court made the additional finding that "the Trust and Memorandum of Settlement ('MOS') are directly at odds with PDHF's allegations that it is a beneficiary of the Trust or is a party with a special interest in the Trust."  RA, tab 495 (Decl. Yanza Supp. Reply), Ex. C at 3 (Order, Dec. 19, 2014).  The District Court also made the additional finding that "PDHF is neither a beneficiary nor a party with a special interest in the Trust, and it thereby fails to allege sufficient facts showing a legally protected interest, *i.e.*, injury to its common law, constitutional, or statutory rights."  *Id.* at 4.  The District Court concluded that PDHF lacked standing and dismissed the action with prejudice.  *Id.* at 7.

### 5.  Kamlesh's present lawsuit (CV1527-13)

[20]    On August 18, 2013, Radhi died.  *Hemlani II*, 2021 Guam 26 ¶ 12.  Several months later, Kamlesh filed this action.  *Id.*  Based on the long series of amendments and disputes, Kamlesh alleges Radhi "was deceived and/or imposed upon" by defendants Manu, Jethmal, and Don.  *Id.* (quoting RA, tab 1 at 16 (V. Compl.)).  The deceit and imposition allegedly caused losses or waste to the Trust and benefited the defendants.  *Id.*  Kamlesh asserts the wasteful transactions amounted to millions of dollars.  *Id.*

[21]    At the early stages of this suit, the Superior Court dismissed the complaint for lack of standing.  *Id.* ¶ 13.  The trial court held Kamlesh lacked standing because the Trust had terminated.  *Id.*  On appeal, this court reversed the dismissal for lack of standing, finding that, although the Trust terminated, Kamlesh had powers to wind up the Trust as trustee.  *Id.* (citing *Hemlani I*, 2016

Guam 33 ¶ 36). "We did not decide other challenges to standing, such as whether the trust instrument foreclosed suit." *Id.* (citing *Hemlani I*, 2016 Guam 33 ¶ 31 n.5). This court remanded for further proceedings. *Id.* (citing *Hemlani I*, 2016 Guam 33 ¶ 36).

[22]    On remand, the Superior Court again concluded Kamlesh lacked standing. *Id.* ¶ 14. The court found the language in the Trust Instrument's preamble requiring a majority of the trustees to bind the Trust, prevented Kamlesh from acting alone in suing the co-trustees and certain third parties for breach of trust and related claims. *Id.* (citing RA, tab 419 at 15 (Dec. & Order, June 18, 2018)). The Superior Court assumed for summary judgment that Kamlesh was a co-trustee. *Id.* The court determined that the language of the Trust Instrument "demonstrate[s] the settlors' intent to prevent a sole cotrustee from acting unilaterally in matters affecting trust assets, such as a lawsuit to recover[] trust property." *Id.* (alterations in original) (quoting RA, tab 419 at 10 (Dec. & Order)). The court further held that Kamlesh lacked standing to challenge the MOS, as Radhi had not been adjudicated incapacitated, and Kamlesh had not suffered a cognizable injury. *Id.* The court granted the defendants' motion for summary judgment and dismissed Kamlesh's complaint. *Id.* (quoting RA, tab 419 at 10 (Dec. & Order)). Kamlesh appealed, and this court reversed in part and affirmed in part. *Id.* ¶ 41.

[23]    We concluded that summary judgment was appropriate on Kamlesh's claims against the named estates because estates and trusts cannot sue or be sued in their own names. *Id.* ¶¶ 36-37. However, we concluded that Kamlesh had standing on his other claims and "that genuine issues of material fact preclude[d] summary judgment on some of Kamlesh's claims, including his claims related to the 2011 MOS." *Id.* ¶ 21. We elaborated that:

> Summary judgment was also inappropriate because genuine issues of material fact exist over whether Kamlesh is the only remaining co-trustee. And other material facts continue to be disputed with the 2011 MOS—namely, the alleged undue influence over Radhi's participation in that settlement; whether some

of the property transferred belongs to P.D.'s irrevocable residuary trust; and on the correct identity of the trust's beneficiary.

*Id.* ¶ 30. We stated that "[the trial] court can resolve these questions on remand." *Id.* ¶ 35.

## C. Further Proceedings on Remand

[24]     On remand, the trial court addressed procedural matters to get the case back on schedule. The case was then re-assigned to a new judge. At a status conference on June 11, 2024, it was determined that there were seven outstanding motions the court had yet to rule on, and it was suggested that any dispositive motions should be given priority. The court then set a hearing on the lone remaining motion for summary judgment.

[25]     The Foundation had moved for declaratory summary judgment against Kamlesh on June 24, 2015. The motion went unaddressed for nearly ten years because the trial court tried to resolve the case on standing grounds twice, based on the summary judgment motions of other defendants. *See generally Hemlani I*, 2016 Guam 33; *Hemlani II*, 2021 Guam 26. The Foundation argued that Kamlesh was a disloyal trustee that was "attempting to supplant the Foundation with another entity in violation of the language of the Trust and in violation of his duty of loyalty to the Foundation." RA, tab 278 at 4 (Def. Found.'s Mot. Decl. Summ. J., June 24, 2015). The Foundation further argued that it was an undisputed fact that it is the Trust's beneficiary: "The Foundation is the beneficiary of the Trust. The District Court specifically made this finding and it is binding. Judge Bordallo made this finding as well in 2010 in CV0506-09 and dismissed the lawsuit with prejudice following settlement." *Id.* at 5 (citations omitted). The Foundation also contended:

> Kamlesh is disingenuine [sic] with the Court by claiming Radhi's Foundation is not the beneficiary of the Trust. Four courts, including this Court, have already ruled that Radhi's Foundation is the beneficiary of the Trust. Kamlesh is collaterally estopped from trying to argue or litigate that Radhi's Foundation is not the beneficiary of the Trust.

*Id.* at 5 n.1 (citing *Trans Pac. Exp. Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 13). The Foundation further asked the Superior Court to remove Kamlesh as co-trustee because he had "undertaken an interest adverse to the Foundation" in addition to the "hostility between the co-trustees and beneficiaries [which] impairs the proper administration of the trust." *Id.* at 8-19 (emphases omitted).

[26]     Kamlesh opposed the motion, arguing that collateral estoppel did not apply to the decision of the District Court because the court had dismissed that case for lack of subject matter jurisdiction. RA, tab 315 at 2-3 (Pl.'s Opp'n Def. Radhi Puran Found. Mot. Summ. J., June 29, 2015). Kamlesh further argued that "the Radhi Foundation Association is not the named beneficiary in the Trust Documents which is supposed to be a 'not for profit Guam corporation.' There are significant differences between a not-for-profit corporation and an Association." *Id.* at 3-4. He also stated:

> [W]hen the time is right Plaintiff intends on requesting the Court to invoke its Cy Pres jurisdiction to declare the Foundation is not, or is no longer, a proper beneficiary (which should be independently established). As acknowledged by Mr. Yanza, Plaintiff has formed such a corporation with former Governor Joseph Ada to serve charity but only with this Court's approval and only if Plaintiff prevails in this lawsuit.

*Id.* at 4. Kamlesh's opposition did not directly address the request to remove him as co-trustee. Following remand of the case after *Hemlani II*, the Foundation purported to file a reply supporting its motion for summary judgment. RA, tab 497 (Def. Radhi Puran Found.'s Reply Pl.'s Opp'n, Feb. 7, 2022).[10]

[27]     Ultimately, the trial court granted the Foundation's motion for summary judgment. RA, tab 555 at 1-14 (Dec. & Order, Dec. 4, 2024). The court concluded that the District Court's

---

[10] It is unclear whether this reply was procedurally proper or considered by the trial court, though it was discussed during the hearing on the motion. *See* Transcript ("Tr.") at 10 (Mot. Hr'g, Aug. 23, 2024).

decision had preclusive effect on Kamlesh. *Id.* at 6-7 (citing *People v. Angoco,* 2004 Guam 11 ¶ 10 (providing three-part test for collateral estoppel in criminal cases)). The trial court concluded that:

> Part one of the test requires a determination that the issue considered in CV12-00028 of who is the Trust's beneficiary is the same issue of who is the Trust's beneficiary that will be considered in this trial. Because the relevant Trust is the same Trust that was under evaluation in CV12-00028, the issue of the Trust's beneficiary would not have changed. Thus, the issue of who is the Trust's beneficiary is sufficiently similar and material to justify invoking the doctrine. Parts two and three of the test require an examination of the record to determine whether the issue was "litigated" and "necessarily decided." Upon review of the record, the parties in CV12-00028 had a fair opportunity to litigate the issue and it was necessarily decided by District Court Judge Joaquin Manibusan—deciding that the Foundation was the rightful Trust beneficiary. Thus, Defendants have met their burden in establishing that the Foundation is indeed the beneficiary of the Trust, and Plaintiff is barred by the doctrine of collateral estoppel in disputing the issue of who qualifies as the Trust's beneficiary.

*Id.* at 7 (citations omitted). Thus, the trial court concluded that Kamlesh was collaterally estopped by the District Court's decision in CV12-00028.[11]

[28]    The trial court also removed Kamlesh as co-trustee. The court concluded that Kamlesh had "acquired an interest that is adverse to that of the Trust and the Foundation." *Id.* at 10 (emphasis omitted). The court found:

> In this case, it is undisputed that Plaintiff is a successor co-trustee for the Trust. At the same time, Plaintiff is a Director and the Vice President of the Kishore-Created Foundation, which Plaintiff seeks to substitute as the beneficiary of the Trust in place of the Foundation. Decl. Louie Yanza, Ex. A and C (June 24,

---

[11] After finding that the District Court's decision in CV12-00028 precluded Kamlesh's attempt to relitigate the identity of the Trust beneficiary, the court then proceeded to analyze whether claim preclusion applied. RA, tab 555 at 7-9 (Dec. & Order). Then, after finding claim preclusion inapplicable due to the non-merits dismissal in CV12-00028, the court nonetheless concluded that "as shown above, the *Superior Court's* Decision in *CV0506-09* collaterally estops Plaintiff from relitigating the issue of the Trust's beneficiary." *Id.* at 9 (emphases added). There is some measure of dispute among the parties about the meaning of the trial court's order because the trial court's discussion of collateral estoppel focused exclusively on the *District Court's* decision in *CV12-00028*. PDHF argues that "[i]t is obviously a typo. The only discussion 'above' was to the District Court Action." Appellees Vashi & PDHF's Br. at 31-32. In his Reply Brief, Kamlesh says it is "[p]lausible" the trial court made a typo, but in reality, the Appellees are attempting to rewrite the Decision and Order. *See* Reply Br. at 9-10. He states there may be "indicia" that PDHF's typo argument is correct, but ultimately this court must interpret the Superior Court's decision and order. *Id.* at 10. Because we affirm the trial court on alternate grounds, we need not resolve this dispute.

2015).  On its face, there is an apparent interest, which Plaintiff has acquired, that runs adverse to the interests of the beneficiary of the Trust—the Foundation. Plaintiff seeks to divert the Trust's assets to the Kishore-Created Foundation.  *See* Kamlesh Dep. at 66-68.  Plaintiff's intention of wanting to substitute the Foundation with Kishore-Created Foundation is in clear violation of 18 G.C.A. § 66201 and 15 G.C.A. § 3317.

*Id.* at 11.  The court emphasized that Kamlesh had not addressed in his opposition the request that he be removed.  *Id.*  The court found that a conflict of interest justified Kamlesh's removal because "Plaintiff's interest, as Director and Vice President of the Kishore-Created Foundation, is adverse to the Foundation's interest, and Plaintiff's ability to remain loyal and act in good faith to the Trust and the Foundation is now an issue."  *Id.*

[29]    The trial court also found that there was "hostility that has impaired the proper administration of the trust."  *Id.* (emphases omitted).  The court found:

>        Similarly, hostility is apparent between the successor co-trustees and the Foundation as the Trust's beneficiary in this case.  Plaintiff admitted that he has not communicated with the other co-trustees, Vasudev Hemlani and Ishwar Hemlani. Kamlesh Dep. at 81-82.  Further, Plaintiff filed his Complaint and included the Foundation—the beneficiary of the Trust—as a Defendant in his suit.  *See* Def. Radhi Puran Found.'s Mot. for Declaratory Summ. J. at 16 (June 24, 2015).  Like in *Rennacker* [*v. Rennacker*, 509 N.E.2d 798 (Ill. App. Ct. 1987)], the Parties have been unable to communicate on a civil level given the intense and severe nature of the ongoing lawsuit.  *Id.*  Further, the problem of distributing the assets has become difficult since the parties have been unable to communicate with each other.  *Id.* at 17.  Plaintiff did not provide any counterarguments in his Opposition to Defendant's Motions for Declaratory Summary Judgment nor did he do so in his detailed Memorandum in Support of His Motion for Summary Judgement re Standing.  Thus, the Court finds that the hostile nature of the parties' relationship has hindered the administration of the Trust and impacted the Foundation as the Trust's beneficiary.

*Id.* at 13.  The court concluded that "it is clear that removal of Plaintiff as co-trustee would better serve the interests of the Trust and the Foundation, as its beneficiary."  *Id.* (citing 15 GCA § 3317 (2005)).  The trial court found that "[r]emoval of Plaintiff would improve the cooperation among the co-trustees . . . and improve the administration of the Trust.  Removal of Plaintiff would also

best serve the interest of the Foundation, which is the established beneficiary of the Trust. Finally, removal of Plaintiff would not be inconsistent with the material purpose of the Trust." *Id.* at 13-14.

[30]     Judgment was entered, dismissing the entire action on the merits. Kamlesh timely appealed.

## II.  JURISDICTION

[31]     This court has jurisdiction over a final judgment of the Superior Court. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 119-57 (2025)); 7 GCA §§ 3107, 3108(a) (2005).

## III.  STANDARD OF REVIEW

[32]     This court reviews the Superior Court's grant of a motion for summary judgment *de novo*. *Hemlani I*, 2016 Guam 33 ¶ 12. When deciding a motion for summary judgment, the trial court "must draw inferences and view the evidence in a light most favorable to the non-moving party." *In re Certificate of Title No. 134390*, 2021 Guam 19 ¶ 49 (citation omitted).

[33]     "The standard of review of collateral estoppel is twofold: . . . whether the doctrine is even available in the first place is reviewed *de novo*. Once it is determined that the doctrine is available, whether to apply it is in the sound discretion of the trial court." *McNeil v. Pub. Def. Serv. Corp.*, Civ. No. 90-00044A, 1990 WL 320362, at *3 (D. Guam App. Div. Oct. 30, 1990) (citations omitted).

[34]     The standard of review for interpreting a trust instrument is *de novo*. *See Hemlani I*, 2016 Guam 33 ¶ 20 ("Courts interpret trusts as contracts . . . ."); *Basil Food Indus. Servs. Corp. v. Guam*, 2019 Guam 29 ¶ 9 ("[T]he interpretation of a contract is a legal question reviewed *de novo*."). "[I]t is proper for . . . the appellate court on de novo review to consider the circumstances under which the document was made so that the court may be placed in the position of the testator or trustor . .

. ." *Wells Fargo Bank v. Marshall*, 24 Cal. Rptr. 2d 507, 511 (Ct. App. 1993). The court's task is "to determine whether the terms of the document are clear and definite, or ambiguous in some respect." *Id.*; *see also Ramiro v. White*, 2016 Guam 6 ¶¶ 16, 20, 30 (stating that extrinsic evidence is "permissible when interpreting ambiguous trust instruments" but emphasizing that the "initial determination of ambiguity is reviewed *de novo*"). "[T]he appellate court's proper function is to give effect to the intention of the maker of the document"; thus, extrinsic evidence about the circumstances under which the instrument was written is permissible, "although not to give it a meaning to which it is not reasonably susceptible." *Wells Fargo Bank*, 24 Cal. Rptr. 2d at 511.

[35]     Kamlesh argues that his removal as co-trustee should be reviewed *de novo* because grant of summary judgment is reviewed *de novo*. Appellant's Br. at 2 (Feb. 12, 2025). This is imprecise. Removal of a trustee under 15 GCA § 3317—like removal under California Probate Code § 1123.5—is reviewed for an abuse of discretion. *See Trolan v. Trolan*, 243 Cal. Rptr. 3d 264, 279 (Ct. App. 2019) ("Although Appellants argue the standard of review is de novo, all relevant legal authority indicates we must review the trial court's removal of the parties as trustees for abuse of discretion."). "The trial court's power to remove trustees 'is a power that the court should not lightly exercise, and whether or not such action should be taken . . . rests largely in the discretion of the trial court.'" *Id.* (quoting *In re Est. of Bixby*, 362 P.2d 43, 47 (Cal. 1961) (in bank)). Thus, when a trial court grants a motion for summary judgment on a trustee's removal, we review *de novo* whether there are genuine disputes of material fact, and then we review the trial court's application of the law to the undisputed facts for an abuse of discretion. *See Abalos v. Cyfred Ltd.*, 2006 Guam 7 ¶ 40 ("While motions for summary judgment are reviewed *de novo*, a court's fashioning of equitable relief is reviewed for abuse of discretion."); *cf. Primerica Life Ins. Co. v. Woodall*, 38 F.4th 724, 726 n.3 (8th Cir. 2022) ("[W]e review de novo whether there are any

genuine disputes of material fact, and we then review the district court's application of the equitable defense to the undisputed facts for abuse of discretion.").

## IV.  ANALYSIS

[36]    Kamlesh states that "[t]he bedrock issue is whether Kamlesh is barred by collateral estoppel from disputing that the defendant Foundation Association is the 'beneficiary' of the RPT." Appellant's Br. at 13.  He points out that "the [Superior] [C]ourt's somewhat confusing decision on the motion discusses only the District Court case and held that *res judicata* did not bind Kamlesh, but seemingly concluded that Kamlesh was collaterally estopped by only 'CV0506-09' (not discussed or analyzed in the D&O)." *Id.*  He argues that no order of the District Court or Superior Court collaterally estopped him from litigating the identity of the Trust's beneficiary. *Id.* at 14-23.  PDHF, the losing party in the District Court, disagrees: "Most importantly, in dismissing PDHF's District Court action on December 19, 2014, the District Court expressly determined that 'The Foundation was created in 1991 and had a strictly charitable purpose' and that it was the beneficiary of the Trust."  Appellees Vashi & PDHF's Br. at 15 (Apr. 16, 2025) (citation omitted). The Foundation adds that "[t]he only bedrock error is Kamlesh's analysis."  Appellee Foundation's Br. at 8 (Apr. 16, 2025).

[37]    The trial court applied the criminal collateral estoppel standard from *People v. Angoco*, 2004 Guam 11 ¶ 10.  But application of the collateral estoppel doctrine in a civil case differs from in a criminal case.  *See, e.g.*, *People v. Morrison*, 66 N.Y.S.3d 682, 684-85 (App. Div. 2017) ("[C]ollateral estoppel does not apply in 'the same way' in criminal cases as it does in civil cases.").  Without a decision from this court articulating a standard for issue preclusion in civil cases, the trial court was bound to apply Appellate Division precedent.  *See Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 11 ("[D]ecisions of the District Court of Guam's Appellate

Division are binding on the Superior Court of Guam."). The Appellate Division decision with the most in-depth discussion of issue preclusion is *Abrenilla v. China Insurance Co.*, DCA CV. No. 87-00019A, 1988 WL 236531 (D. Guam App. Div. Jan. 26, 1988), *rev'd on other grounds*, 870 F.2d 548 (9th Cir. 1989), where the court relied on the Restatement of Judgments (Second) and U.S. Supreme Court precedent. 1988 WL 236531, at *3.

[38]     Even if Kamlesh is not precluded from relitigating the identity of the Trust's beneficiary,[12] the plain text of the Trust Instrument unequivocally names the Foundation as the sole beneficiary of the Trust.

## A. We Affirm the Superior Court on the Alternative Grounds that, on *De Novo* Review of the Trust Instrument, the Foundation Is the Named Beneficiary of the Trust

[39]     Kamlesh argues, "For years now people have questioned whether the Foundation (whichever) is the 'beneficiary' of the RPT without any analysis on what that means." Appellant's Br. at 25. Kamlesh further suggests that because Article III of the Foundation's charter uses the word "trust" and "trustee," that entity was actually created as a trust. *See id.* at 27. He contends

---

[12] Much of the trial court's well-reasoned decision under the criminal issue-preclusion standard would apply equally under the appropriate civil standard. But since we conclude on *de novo* review that the Foundation is the named beneficiary of the Trust, this case is not the appropriate one to wade into the turbulent waters of issue preclusion. For instance, the Ninth Circuit has variously described the doctrine of collateral estoppel under state and federal law as consisting of three, four, five, or six elements. Until the appropriate case presents the issue to this court, trial courts can continue to follow the Appellate Division's restatement approach. Generally, that approach can be described as including the following elements:

(1) the issue in the two proceedings is the same;

(2) the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding;

(3) the party to be precluded had a full and fair opportunity to litigate the issue;

(4) the issue was actually litigated in the earlier proceeding;

(5) the issue was determined by a valid and final judgment; and

(6) determination of the issue in the prior proceeding was essential to the prior judgment.

*See Abrenilla v. China Ins. Co.*, DCA CV. No. 87-00019A, 1988 WL 236531, at *3 (D. Guam App. Div. Jan. 26, 1988), *rev'd on other grounds*, 870 F.2d 548 (9th Cir. 1989); Restatement (Second) of Judgments § 27 (A.L.I. 1982); *see also* 50 C.J.S. *Judgments* § 1000 (Dec. 2025 Update) (observing requirements essential to invoking issue preclusion have been variously stated to include these six elements).

that "[a] Charitable Trust is not a beneficiary, it *has* beneficiaries. . . . Semantically calling a party a 'beneficiary' without discourse, disagreement or analysis does not make that party a beneficiary when the undisputable facts show otherwise." Appellant's Reply Br. at 18-19 (Apr. 30, 2025) (emphasis omitted).[13] The Foundation counters, "Whether the Foundation is a non-profit association as compared to a charitable trust is irrelevant as P.D. and Radhi created only one entity—the Foundation—to be the sole beneficiary of the RPT." Appellee Foundation's Br. at 18. The Foundation contends, "It is complete nonsense to argue that the Foundation was not intended to be the beneficiary." *Id.* at 21-22.

[40] Resolving Kamlesh's arguments turns on interpreting the Trust Instrument. As a leading treatise explains:

> The ascertainment of trust beneficiaries primarily depends on the correct interpretation of the words used in the trust instrument, with the settlor's intention governing. If the trust instrument is indefinite, beneficiaries may be determined by

---

[13] California law is persuasive regarding Guam's trust statutes. *See Hemlani II*, 2021 Guam 26 ¶ 26. Under California trust law, there is technically a distinction between a trust making a distribution to a charitable corporation and to a charitable trust. 13 Witkin, Summary of Cal. Law 11th *Trusts* § 330 (2025) ("A gift may also be made directly to a charitable corporation to be used for its purposes, and, although this does not create a charitable trust with new trustees, it has practically the same effect."). Kamlesh overstates the importance of characterizing the Foundation as a trust. *See* Appellant's Br. at 23-28 (Feb. 12, 2025); *see also* 13 Witkin, Summary of California Law *Trusts* § 330 (11th ed. 2025) (citing *In re Wirt's Est.*, 12 P.2d 95 (Cal. Dist. Ct. App. 1932); *In re L.A. Cnty. Pioneer Soc.*, 257 P.2d 1 (Cal. 1953) (in bank); *In re Clippinger's Est.*, 171 P.2d 567 (Cal. Dist. Ct. App. 1946); *In re Faulkner's Est.*, 275 P.2d 818 (Cal. Dist. Ct. App. 1954); *In re Est. of Connolly*, 121 Cal. Rptr. 325 (Ct. App. 1975)). Furthermore, Kamlesh is incorrect that as a matter of law a charitable trust cannot be named as the beneficiary of a trust. *See* Reply Br. at 18-19. As a leading treatise explains:

> Frequently, trustees of charitable trusts make distributions to or for the benefit of another charitable organization, which then makes further distributions for charity. These distributions may be required or permitted by the express terms of the instrument creating the trust. This arrangement may be structured as a "subtrust" arrangement, where the trust instrument requires that trustee make distributions to another organization, which then makes distributions as a trustee for charitable purposes. In other cases, the trustee may be directed to make distributions directly to another charitable organization, but once made, the distributions become the property of the second organization, which makes further charitable distributions according to its own policies and procedures and has no continuing relationship with the initial trust. A settlor may also direct the trustees to form a charitable foundation to receive the trust property or give the trustees discretion to do so.

George Gleason Bogert, George Taylor Bogert & Amy Morris Hess, *Bogert's The Law of Trusts and Trustees* § 391 (2025) (footnotes omitted). Even if we accepted Kamlesh's argument that the Foundation is a charitable trust, he cites no authority that would preclude a "'subtrust' arrangement" between the Trust and the Foundation. *See id.*

> reference to the facts and circumstances surrounding the parties or by analogy to the statutes of distribution.

90 C.J.S. *Trusts* § 234 (2025) (footnotes omitted). California courts have explained similar principles under their trust statutes, on which Guam's are based: "In construing a trust instrument, the intent of the trustor prevails and it must be ascertained from the whole of the trust instrument, not just separate parts of it." *Wells Fargo Bank*, 24 Cal. Rptr. 2d at 511 (quoting *Scharlin v. Superior Court*, 11 Cal. Rptr. 2d 448 (Ct. App. 1992)). California courts have additionally explained that when interpreting a trust document *de novo*, it is appropriate for an appellate court to "consider the circumstances under which the document was made so that the court may be placed in the position of the . . . trustor whose language it is interpreting, in order to determine whether the terms of the document are clear and definite, or ambiguous in some respect." *Id.* "It is the intention of the trustor . . . which is the focus of the court's inquiry." *Id.* "[T]he appellate court's proper function is to give effect to the intention of the maker of the document." *Id.*

[41]     On appeal, it is proper to independently construe the instrument, even if the trial court did not do so. Because the trustor's intent governs, we consider the Trust Instrument in its entirety. It is also proper for the court to consider the circumstances under which the Trust Instrument was made so the court may be placed in the position of the testator whose language it is interpreting. Ultimately, we must determine whether the terms of the Trust Instrument are clear and definite, or ambiguous in some respect.

[42]     Under these rules, the intent of the settlors was naming the entity created in 1990—the Foundation—as beneficiary of the Trust. There is a discrepancy between the Trust Instrument calling the Foundation a "corporation" and the Foundation's status as an association. However, based on the record before the court, when the court places itself in the position of P.D. and Radhi

at the time they created the Trust, their intention to make the Foundation a beneficiary becomes apparent.

[43]     Based on a *de novo* review of the Trust Instrument, its terms are clear and definite: the Foundation is the sole named beneficiary of the Trust.  It was proper for the trial court to reject Kamlesh's argument that "the Radhi Foundation Association is not the named beneficiary in the Trust Documents."  *See* RA, tab 315 at 3 (Pl.'s Opp'n Def. Radhi Puran Found. Mot. Summ. J).[14] This conclusion did not necessarily prevent Kamlesh from trying to "independently establish[]," that "the Foundation . . . is no longer[] a proper beneficiary."  *See id.* at 4.  This is like the claim that PDHF unsuccessfully tried to establish in the District Court case.  The plaintiffs in both lawsuits have argued that—notwithstanding the language of the Trust Instrument—the Foundation is no longer a proper beneficiary.  That the District Court rejected that argument when made by PDHF does not stop Kamlesh from making that argument now.[15]

---

[14] On appeal, the Foundation argues that Kamlesh was attempting to establish the Kishore-Created Foundation as the named beneficiary of the Trust.  Appellee Foundation's Br. at 22 (Apr. 16, 2025) ("It is even more bizarre that Kamlesh argues that his fake foundation is the true beneficiary of the RPT, despite P.D. and Radhi passing away before the fake foundation was even created, and the fact the RPT has not been amended to name the fake foundation as the new beneficiary of the RPT.").  Kamlesh maintains that the Kishore-Created Foundation was incorporated merely to "preserve the name" in the Trust Instrument: "Radhi Foundation, a Guam not for profit corporation."  Appellant's Br. at 30.  Although Kamlesh asks this court to invoke the *cy pres* doctrine to use the Kishore-Created Foundation as a conduit for carrying out the charitable intentions of the Trust, he does not object to any charities being made beneficiaries "as long as such beneficiaries do not involve any controlling interests of Manu, Don Hemlani, or Vashi Hemlani."  *Id.*  In any event, any arguments about what entity is the named beneficiary in the Trust document are foreclosed by our decision that the Foundation is the named beneficiary.

[15] The trial court correctly concluded that claim preclusion did not apply to Kamlesh.  *See* RA, tab 555 at 7-9 (Dec. & Order).  And such claims are cognizable under Guam law, as we note that California courts have recognized the doctrine of equitable deviation: "It is a settled principle of the law of trusts that a court of equity will direct or permit a deviation from the express terms of a trust upon a proper showing of changed conditions occurring after its creation."  *In re Est. of Traung*, 24 Cal. Rptr. 872, 879 (Dist. Ct. App. 1962); *see also In re Est. of Gilliland*, 118 Cal. Rptr. 447, 450 (Ct. App. 1974) (holding that courts should not permit a deviation "where the main purpose of the trust is not threatened and no emergency exists" (quoting *Crocker-Citizens Nat'l Bank v. Younger*, 481 P.2d 222, 228 (Cal. 1971) (in bank))).  Similarly, *cy pres* may sometimes apply "to save charitable bequests from noncharitable claimants" if the charitable organization named as beneficiary "is merely the conduit through which the gift is to pass."  *In re Est. of Klinkner*, 151 Cal. Rptr. 20, 26 (Ct. App. 1978).  These are equitable doctrines, and a party must generally have clean hands to invoke them.  *See Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12 ¶ 26 ("Traditionally, the doctrine of unclean hands is invoked when one seeking relief in equity has violated conscience, good faith or other equitable principles in his prior conduct." (citation omitted)); *Alexander v. Ga. Baptist Found. Inc.*, 266 S.E.2d 165,

[44]     "We may affirm the decision of the trial court on any ground supported by the record." *Waathdad v. Cyfred, Ltd.*, 2024 Guam 6 ¶ 22 (per curiam).  Thus, we affirm the trial court's decision on the alternate grounds that the Foundation is the named beneficiary of the Trust.

## B. We Reverse Kamlesh's Removal as Successor Co-Trustee Because There Are Genuine Disputes of Material Fact

[45]     Kamlesh claims this lawsuit is part of his exercise of "wind-up duties to recover properties into the irrevocable Residuary Trust."  Appellant's Br. at 28-29.  The Foundation argues, "Although Kamlesh did not provide any scintilla of evidence to preclude summary judgment that he was a disloyal trustee, the record reflects there was ample evidence of Kamlesh's disloyalty." Appellee Foundation's Br. at 26.  We conclude that genuine issues of material fact on Kamlesh's alleged disloyalty and hostility prevent summary judgment on Kamlesh's removal as co-trustee.

[46]     Unfortunately, the briefs of each party do not address the applicable law of trusts in any meaningful depth.  Generally, "[t]he person seeking the removal of a trustee must clearly and definitely establish the existence of the facts relied on for such removal."  90 C.J.S. *Trusts* § 315. Courts are more reluctant to remove a trustee named by a settlor than a trustee who was court-appointed.  *See id.*  When challenged, the trustee bears the burden of showing they discharged their duties with "reasonable skill, prudence, and judgment."  *Id.*  "Broadly speaking, the only ground for removal of a trustee is jeopardy to the trust or trust property."  90 C.J.S. *Trusts* § 318.  Because removal is drastic, courts hesitate to displace a trustee absent clear necessity.  *Id.*  Courts ask whether keeping the trustee would harm the trust; removal must secure a tangible benefit for the trust and is justified only when the facts reveal a breach of the trust obligation or unsuitability.  *See*

---

167 (Ga. 1980) (holding that under facts of case where court correctly applied *cy pres*, defendants did not have unclean hands).  As serious allegations of wrongdoing have been levied by and against Kamlesh, *compare* Appellant's Br. at 28, *with* Appellees Vashi & PDHF's Br. at 19-20, we reject his invitation to apply *cy pres* in the first instance on appeal.  We express no opinion on potentially changed circumstances after the creation of the Trust or the balance of equities in this case.

*id.* The trustee should not be removed unless the protection of an estate requires it. *Id.* "[A] trustee will not be removed at the mere whim or caprice of the beneficiary, and the hostility of the beneficiaries to the terms of a will creating a trust for their benefit affords no ground for removal of the trustee." *Id.* (footnotes omitted).

[47] Conflicts of interest and hostility are both recognized as grounds for removal. "A trustee whose individual interest conflicts, or may conflict, with his or her duties as trustee or with interests of the beneficiaries he or she represents, is subject to removal." 90 C.J.S. *Trusts* § 319 (footnotes omitted). "However, absent any evidence of mismanagement or negative effect on the administration of the trust, an alleged conflict of interest does not constitute unfitness that warrants the trustee's removal." *Id.* (footnote omitted). Similarly, personal hostility justifies removal only when coupled with other adverse circumstances. *Id.* A trustee's removal for hostility must be essential to protecting beneficiary interests and ensuring the trust's proper execution. *Id.* This requirement is most often satisfied when the trustee's role requires personal interaction, and the hostility prevents a workable relationship. *Id.* "[P]ersonal hostility between a trustee and beneficiaries is not per se a ground for removal of the trustee, and the mere fact that there is discord between the parties to a trust ordinarily will not warrant a court in removing a trustee." *Id.* (footnotes omitted). "To be sufficient to require removal of trustee, the hostility between trustee and beneficiaries must interfere with the proper administration of the trust." *Id.* (footnote omitted).

[48] These principles are reflected in Guam law, which is based on California law. *See Hemlani II*, 2021 Guam 26 ¶ 26 ("Guam's statutory scheme regarding trusts derives from a former version of California's trust statutes."). The Superior Court has the authority to remove a trustee "who has violated or is unfit to execute the trust or has acquired any interest or become charged with any duty adverse to the interest of any beneficiary in the subject of the trust." 15 GCA § 3317. The

Superior Court also has the authority to remove a co-trustee when "hostility, ill feeling, or continued lack of cooperation among and between cotrustees has impaired the proper administration of the trust." *Id.* Thus, under section 3317, conflicts of interest and hostility are both valid grounds for removal of a co-trustee.

[49] The trial court found that both conflict of interest and hostility were adequate independent grounds to remove Kamlesh as co-trustee. We conclude that genuine issues of material fact regarding Kamlesh's disloyalty and hostility preclude summary judgment.

[50] The Foundation argues, "The trial court carefully reviewed the record and found that Kamlesh is both a director and office[r] of the fake foundation. Kamlesh sought to substitute the Foundation with the fake foundation." Appellee Foundation's Br. at 27. The Foundation also argues that "the trial court found that Kamlesh was not communicating with his co-trustees and was thus hindering the administration of the RPT." *Id.*

[51] Although not expressed in those exact terms, the Foundation accurately characterizes the trial court's decision. The trial court found that the conflict of interest and hostility was evidenced by Kamlesh's suit that tries to establish that the Foundation is not a beneficiary of the Trust and seeks to invoke the *cy pres* doctrine to divert trust assets away from the Foundation and to the Kishore-Created Foundation. *See* RA, tab 555 at 10-11 (Dec. & Order).

[52] When deciding a motion for summary judgment, the trial court "must draw inferences and view the evidence in a light most favorable to the non-moving party." *In re Certificate of Title No. 134390*, 2021 Guam 19 ¶ 49 (quoting *Island Eye Ctr., Inc. v. Lombard*, 2020 Guam 32 ¶ 32). "Summary judgment is not appropriate when a trial judge must pass on the credibility of witnesses with differing versions of material facts, weigh the quality of documentary or other evidence, or choose among competing or conflicting inferences." *Gov't of Guam v. Gutierrez ex rel. Est. of*

*Torres*, 2015 Guam 8 ¶ 33 (quoting *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 123 P.3d 186, 189 (Ariz. Ct. App. 2005)).  The trial court's decision is much more like factual findings resolving a disputed factual issue after an evidentiary hearing than it is deciding the issue as a matter of law on summary judgment.  *Cf. Waskovich v. Morgano*, 2 F.3d 1292, 1296 (3d Cir. 1993) (holding that on summary judgment, a trial court may not resolve issues of material fact because it is impermissible to "weigh the evidence submitted, judge the credibility of the witnesses who testified, or use the information it receives as a basis for making findings of fact, as all of these activities are incompatible with summary disposition of the case").

[53]    Although we do not fault the trial court for holding Kamlesh's failure to directly address the removal argument made against him, even an unopposed motion for summary judgment does not automatically entitle the movant to judgment as a matter of law.  *See, e.g.*, *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014).  The trial court must still evaluate the evidence presented to determine whether a genuine issue of material fact exists.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

[54]    There is evidence in the record that supports Kamlesh's claims.  *See, e.g.*, RA, tab 243 (Decl. Thomas M. Tarpley, Jr., June 24, 2015), Ex. 19 at 2 (SP0195-11, Legal Counsel's Suppl. to Pub. Guardian's Final Report, Oct. 8, 2013) ("[T]he transfers of Trust property and the use of Trust property for the benefit of Manu Melwani, Don Hemlani, and other family members are violation[s] of the Hemlani's estate plan.").  But there is also evidence in the record to support the Foundation's claims.  *See, e.g.*, RA, tab 279 (Decl. Louie J. Yanza Supp. Mot. Decl. Summ. J., June 24, 2015), Ex. D (Dep. Kamlesh Hemlani, June 19, 2015) (cross-examining Kamlesh about intentions for participating in guardianship proceedings and this lawsuit).  Kamlesh claims the defendants diverted assets from the Trust for their own personal benefit, and that he is trying to

protect trust assets to make sure that P.D.'s charitable intentions are fulfilled. *See* Appellant's Br. at 28, 30. The Foundation claims Kamlesh seeks to usurp the Foundation and divert trust assets to his own "fake foundation," and that Kamlesh is preventing the settlors' goal of providing to charity. *See* Appellee Foundation's Br. at 22. Both parties are pointing at each other, claiming the other is projecting their own bad behavior onto them.

[55] The removal of a trustee often involves complex factual determinations that are ill-suited for summary judgment. *Cf. Novak v. Schellenberg*, 718 S.W.2d 822, 824 (Tex. Ct. App. 1986) ("If an issue of fact exists concerning alleged improper conduct of a trustee, however, that issue is properly submitted to the jury."); *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 11, 8 A.3d 646, 650 ("Inherently factual questions are ill-suited for resolution at the summary judgment stage unless the evidence permits only one reasonable conclusion."). We conclude that—Kamlesh's nonresponsive opposition notwithstanding—the record presents a genuine issue of material fact regarding Kamlesh's disloyalty and hostility.

[56] We agree with the California Court of Appeal that courts "'will not ordinarily remove a trustee appointed by the creator of the trust,' and will 'never remove [a trustee named by the settlor] for potential conflict of interest but only for demonstrated abuse of power detrimental to the trust.'" *Städel Art Museum v. Mulvihill*, 314 Cal. Rptr. 3d 294, 305 (Ct. App. 2023) (alteration in original) (first quoting *In re Est. of Bixby*, 362 P.2d 43; and then quoting *In re Est. of Gilliland*, 140 Cal. Rptr. 795 (Ct. App. 1977)). We further agree that "[w]hile hostility or lack of cooperation among cotrustees can be a basis to remove the trustees . . . , removal is only appropriate if the hostility impairs the administration of the trust." *Trolan*, 243 Cal. Rptr. 3d at 281.

[57] Because genuine issues of material fact exist on whether Kamlesh's alleged conflicts of interest have been detrimental to the Trust, and whether his alleged hostility impairs the

administration of the Trust, we reverse the trial courts grant of summary judgment on Kamlesh's removal. Standing alone, a trustee suing other co-trustees or beneficiaries is not necessarily grounds for removal. *See Hemlani II*, 2021 Guam 26 ¶ 25 ("[W]hen a trust has multiple trustees, one trustee may sue another to enforce duties or prevent a breach of trust." (citing Restatement (Third) of Trusts § 94 cmt. c (A.L.I. 2012))); *Patrick v. Turner*, No. G037607, 2008 WL 4650403, at *1, *7 (Cal. Ct. App. Oct. 22, 2008) (unpublished) (affirming removal because co-trustee's multiple unsuccessful lawsuits to dissolve and liquidate the trust's only asset were breaches of fiduciary duties that impaired trust administration); 13 Witkin, Summary of California Law *Trusts* § 60 (11th ed. 2025) ("[O]rdinarily . . . a trustee will not be removed upon grounds that were known to the settlor." (citing Restatement (Third) of Trusts § 37 cmt. f.)); *see also, e.g.*, *In re Gerber Tr.*, 323 N.W.2d 567, 572 (Mich. Ct. App. 1982) ("Something more than a mere legal controversy between a trustee and beneficiary is necessary in order to justify the removal of the trustee.").

[58]    Even if removal of a co-trustee for hostility is justified, that does not necessarily require that the action brought in their capacity as trustee be dismissed. *See Getty v. Getty*, 252 Cal. Rptr. 342, 347 (Ct. App. 1988) ("[A]ppointment of a trustee ad litem with limited powers to conduct certain litigation is an intrinsically included exercise of the court's inherent equity power within its greater power to remove and replace the trustee.").

[59]    We reverse the trial court's grant of summary judgment on the removal of Kamlesh as co-trustee.

### V.  CONCLUSION

[60]    Although the trial court granted summary judgment on the grounds Kamlesh was collaterally estopped from relitigating the identity of the Trust's beneficiary, we affirm on the alternative grounds that the Trust Instrument names the Foundation as the beneficiary of the Trust.

We reverse the trial court's decision removing Kamlesh as successor co-trustee because genuine issues of material fact preclude summary judgment.  We **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings not inconsistent with this opinion.


|                    /s/                    |                    /s/                    |
| :---: | :---: |
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |


/s/

ROBERT J. TORRES

Chief Justice
